[No. 130.   Decided July 1, 1891.]

BELLINGHAM BAY RAILWAY AND NAVIGATION COMPANY et al. v. DAVID A. LOOSE.

EMINENT DOMAIN — ENTRY BEFORE CONDEMNATION — TRESPASS.

Where an entry is made by a railroad upon lands without notice to the owner thereof of an intention to take under the statute for that purpose, and without any setting apart of the land to be so taken, the owner may maintain trespass for injuries to his trees and other property, and is not confined to the proceeding provided by the act of February 1, 1888, regulating the mode of appropriating land, and ascertaining and securing compensation therefor.

*Appeal from Superior Court, Whatcom County.*

The facts are fully stated in the opinion.

*H. B. Williams,* and *Albert S. Cole,* for appellants.

*Doolittle, Pritchard & Stevens,* and *H. A. Fairchild,* for appellee.

The opinion of the court was delivered by

HOYT, J. — Respondent brought an action of trespass against the appellants to recover damages for the destruction of certain trees and shrubbery situated upon land owned by him and in his possession. Appellants answered, admitting the trespass, but attempted to justify the same by alleging that the defendant, the Bellingham Bay Railway & Navigation Company, was a corporation duly organized to construct a railroad, and that it had appropriated said land, and entered upon the same, by virtue of the provisions of an act entitled "An act to regulate the mode of proceeding to appropriate lands," etc., passed February 1, 1888, and that the acts of the other defendants were done under its direction. Respondent had a verdict and judgment in the court below, from which appellants prosecute this appeal. The sole contention upon their part is as to the rights of railroad corporations under the act above quoted. Their claim is, that both the railroad and the owner are given the right to proceed under said act to have fixed the compensation to be paid the owner for property taken, and that by the terms of § 14 of said act the same is made exclusive of all other remedies, and that for that reason the action of trespass will not lie.

It is somewhat difficult to understand just what the legislature meant by providing all the details for condemning property, and the method of fixing compensation therefor, and making it applicable to both owner and railroad company. The whole scope of the act is that of one designed only for the use of the corporation desiring to acquire land, and is largely inapplicable to the case of an owner desiring simply to obtain compensation therefor, and the only reasonable interpretation that can be given would seem to be that the owner could only make use of this means of obtaining compensation when the property had already

been taken possession of and fully occupied by the railroad, either with his actual consent, or under such circumstances that his consent would be presumed. It is not necessary, however, for the purposes of this case, to decide just what the respective rights of the appropriator and owner of lands are under said act. It is sufficient for my purpose to decide that where, as in this case, the entry is made without any notice to the owner of an intention to take under the act in question, and without any setting apart of the land to be so taken, said act will not so apply as to defeat an action of trespass by the owner, and I think such must be the construction of said act. I am satisfied that it could not have been intended thereby to clothe a railroad or other corporation with the right to go upon the premises of any person, and destroy his trees and other property, without in any manner giving him notice that in doing such acts they were proceeding under the law for the appropriation of property for public use. Such would not be a reasonable provision of law. Under it an owner of property would be powerless against the arbitrary and oppressive methods of a corporation. Before there would be given any opportunity on the part of such owner to contest the question as to whether or not such lands were necessary for the purposes of the corporation, all the acts of damage would have been accomplished. And if, afterwards, the owner should seek compensation under the act in question, how could he protect himself and intelligently maintain his contention that such taking was not necessary? Besides, the provision of our constitution, providing that no property shall be taken for public use without compensation being first paid therefor, might be entirely nullified. The corporation, after procuring the condemnation of the property and its possession thereunder, might long delay the payment of the award therefor; and while it is true that the constitution was not in force at the time of the

trespass alleged, yet I think that substantially the same rule obtained under the organic act. If I were to construe the statute as contended for by appellants, I should think it clearly unconstitutional, as tending to render inoperative that provision of our constitution (and of the organic act) referred to above. It is true that it might not in terms and directly provide for taking one's property without compensation first paid, but its effect might be to practically accomplish that end. I think the more reasonable interpretation of the statute is to hold that a corporation desiring to appropriate land from another must, before entering thereon (except for the purpose of survey as provided by statute), proceed under said act to show the necessity for such taking, and have the compensation to be paid fixed and actually paid or secured before it would have a right to take possession of and work upon the same. Under it the owner, after a corporation had actually taken possession of his property so that the degree of its occupancy was fully shown, could probably proceed to have his compensation assessed, if he saw fit to do so, instead of bringing an action of trespass for his damages; and, if he had given express or tacit consent to such occupancy by the corporation, he would probably be bound to proceed under said act, and could not bring his action of trespass. Thus construed, the statute is reasonable, and not oppressive; but, construed as contended for by appellants, it is most unreasonable and oppressive, and, in my opinion, unconstitutional. It follows that the action of the court below was correct, and must be affirmed.

Some preliminary questions were made in regard to the state of the record in this case, but as the act under which it is contended certain portions of the record are here has been repealed, so that the questions presented are not likely to arise in the future, and, as we have seen above, the result upon the merits is in favor of the ruling of the court below,

the same as it would have been had such portions of the
record been stricken, it is not necessary, and would perhaps
be unwise, for us to decide the questions raised by the mo-
tion to strike.   Were the whole record before us, together
with the testimony introduced upon the trial, it might be
necessary for us to decide the question as to whether or not
a corporation authorized to appropriate lands, when sued
as in this case, in an action for willful trespass, could plead
the act which I have been discussing, and thereby prevent a
judgment against it for triple damages.   But without the
testimony we are not called upon to decide that question,
and therefore decline to do so.

ANDERS, C. J., and SCOTT and DUNBAR, JJ., concur.

STILES, J., disqualified.