[No. 684.    Decided February 23, 1893.]

H. P. DOWNS AND S. A. DOWNS, *Respondents*, v. SEATTLE AND MONTANA RAILWAY COMPANY, *Appellant*.

EMINENT DOMAIN — APPROPRIATION OF RIGHT-OF-WAY — REMEDIES — APPEAL — ERROR NOT IN RECORD.

Laws 1889–90, p. 294, providing for the appropriation of land by corporations for rights-of-way and requiring that such proceedings be instituted by the party seeking to condemn the land, does not provide that such proceeding shall be exclusive of all other remedies; and, where lands have been appropriated before the institution of the proceeding provided for in said act, the land owner may maintain a common law action for trespass.

Error of the court in refusing to dismiss an action of trespass on the ground that the same elements of damage were passed upon and

paid for in a proceeding to condemn the land, cannot be urged upon appeal unless so much of the proceedings of the suit for condemnation are brought up as is necessary to show that the grounds upon which recoveries were had in the two suits were identical. (Stiles and Hoyt, JJ., dissent.)

*Appeal from Superior Court, Skagit County.*

*Burke, Shepard & Woods*, for appellant.

*Million & Houser*, for respondent.

The opinion of the court was delivered by

Scott, J. — This appeal is from a judgment rendered in the superior court of Skagit county in favor of the respondents, for the sum of $500, in an action brought against the railroad company for trespassing upon certain lands owned by them, and for destroying one hundred rods of fence, and for cutting and removing valuable timber thereon growing.

The railroad of the appellant is constructed across the respondent's land. Preliminary to building the same, negotiations were had between the railroad company and the respondents for the purpose of agreeing on terms for a right-of-way. A survey had been made by the railroad company for its line of road across said land, and in accordance therewith a deed had been prepared and signed by the respondents, but the same was never delivered to the railroad company. It seems that after these negotiations the company concluded to change the location of its road upon said lands, which it did, and proceeded to construct the same in accordance with such changed location. At this point all negotiations looking towards the conveyance of a right-of-way by the respondents to the railroad company seem to have been suspended, although the company claims that all the acts performed by it in entering upon such lands and in building its line of railroad were done with the knowledge and consent of the respondents.

The respondents deny this, and testify that they notified the railroad company not to enter upon said lands and build said road in accordance with the location as changed. This was a question of fact, which the jury disposed of.

As one of its defenses to said action the railroad company pleaded the act of the legislative assembly approved March 21, 1890, relating to the institution of proceedings where land is sought to be taken for a right-of-way, and allege that the same is exclusive. The lower court held that the act in question did not constitute a bar to plaintiff's action, and the jury found in their favor upon the facts. The verdict was rendered in favor of the plaintiffs on the 13th day of October, 1891. The defendant made a motion to set it aside and for a new trial, and while said motion was pending it instituted proceedings under said act to condemn a right-of-way for its railroad in accordance with its location. In this proceeding a judgment of condemnation was rendered in favor of the railroad company, and the sum of $630 was awarded the respondents as damages, which the company paid. Thereafter, on the 7th day of January, 1892, the railroad company moved that the action instituted by the respondents be dismissed, upon the ground that the matters for which they had recovered damages in said action were fully paid for and satisfied by the payment of the judgment in the condemnation proceedings. This motion was denied, as was also the motion for a new trial, whereupon judgment was rendered for the respondents upon the verdict, and the railroad company appealed.

By comparing the condemnation act of 1890 (Laws 1889–90, p. 294), with the previous one approved February 1, 1888 (Laws 1887–88, p. 58), which it superseded, a material difference is noticed therein. The first section of the 1888 act in direct terms authorized the institution of such proceedings by either party, and § 14 of said act

provided that the remedy therein authorized should be ex-
clusive of all other remedies.     The subsequent act omitted
the express authorization permitting the land owners to in-
stitute the proceeding, but said act, in § 2, in speaking of
the notice to be given, says:

"Such notice shall be signed by the president, manager,
secretary or attorney of the corporation; and in case the
proceedings provided for in this chapter are instituted by
the owner or any other person or party interested in the
land, real estate or other property sought to be appro-
priated, then such notice shall be signed by such person,
owner or party interested, or his, her or its attorney."

This is the only reference in said act anywhere looking
toward the right of the land owners to institute the pro-
ceedings.     The provisions of the act relating to what the
notice shall contain are largely inconsistent with the insti-
tution of such proceedings by the land owners; and it is
very questionable whether a remedy is provided in said act
for such owner in case the railroad company fails to institute
the proceedings.     An owner cannot certainly know just
where the railroad is to be located in advance of its con-
struction, for, although a survey has been made, yet this is
subject to change, and was changed in this particular in-
stance.     In instituting proceedings to condemn, the peti-
tion should show the definite location of the road, and the
railroad company only can well know in advance where
this is to be.

The proceeding is not in the last act declared to be ex-
clusive of all other remedies.     Under the circumstances
we do not think that the remedy is an exclusive one.  *Bel-
lingham Bay Ry.*, *etc.*, *Co. v. Loose*, 2 Wash. 500 (27 Pac.
Rep. 174).     It was provided for the purpose of authoriz-
ing the railroad company to institute the proceeding before
commencing the construction of the road, the only thing the
company would have a right to do, preceding this, would
be to enter upon the land for the purpose of determining

the location of the road; and where the company fails to institute the proceeding, as in this case, we are of the opinion that the land owner has his right to a common law action. He cannot certainly know the purposes for which the railroad company enters upon his land; presumably it would be for the purpose of building a railroad, but the company at any time might abandon the location and remove or change the location of its road so as to avoid crossing such owner's land at all. The company would not be bound to accept the right-of-way or to construct the road, although it had entered upon the construction.

Appellant urges here that this action should have been dismissed by the lower court upon its motion made upon the condemnation proceedings, as a basis, and contends that the very elements of damage for which plaintiffs obtained a judgment in this case were considered, passed upon and paid for in the proceedings to condemn. The only knowledge we have that this was the fact is by an affidavit of one of the attorneys for the appellant. Counter affidavits were filed by the respondents. These affidavits directly contradict each other. Those filed by the respondents allege that none of the damages considered in the condemnation proceedings were the same as those for which they recovered in this action. The record in the condemnation case is not here, and we are in no position to say what the truth of the matter is.

It is contended by the respondents that the value of the premises was not recovered in the action for trespass, and this is sustained by an instruction which the court gave to the jury, directing them that the plaintiffs could not recover for the value of the premises in such action. Had the plaintiffs sought to have done so, the railroad company might have secured its right-of-way in that action without resorting to the proceedings to condemn. All future damages were likewise excluded from the consideration of the

jury in the trespass case by the instructions of the court; that is, such as were likely to result to the land in consequence of the building and operation of the road. The court which heard and decided this motion had tried both of said actions, and it was in a position to know what the facts were. Had the appellant desired to have presented this point to the court, it was necessary for it to have brought up so much of the proceedings in the suit for condemnation as was necessary to show that the grounds upon which recoveries were had in said suits were identical. Failing to have done so, there is no foundation upon which it can allege error in the ruling of the lower court thereon.

The appellant also alleges that the superior court erroneously refused to give certain instructions to the jury which it had requested. It is unnecessary to set out these instructions and also the instructions which the court did give, as we do not consider that the point submitted in this particular is a close one. The record shows that the case was fairly submitted to the jury by the lower court, and that the instructions fully and fairly cover the matters they were to pass upon.

Affirmed.

DUNBAR, C. J., and ANDERS, J., concur.

STILES, J. (*dissenting*).— There is no possible gainsaying the fact that the result of the court's decision is to require the appellant to pay twice for the same thing. The allegation of the complaint is, that the railroad company's agents entered upon respondent's land and constructed ditches and grades for a distance of half a mile, and cut down and destroyed timber and tore away one hundred rods of fence. The proof showed that all of the alleged damage was done within the limits of the right-of-way which was lawfully appropriated and paid for long before the judgment in this case was entered; and the charge of the court to the jury

carefully and explicitly limited the recovery to the actual damage done.    The opinion of the court says that the record in the condemnation proceeding, which was instituted and completed between the time of the verdict and the entry of judgment in this case, is not here, and therefore we cannot know whether the same items of damage were covered in both cases.    But we have the showing made by affidavit on a motion to dismiss, heard months before this judgment, that the condemnation had been had, and that $630 had been paid as the result of it, for the taking of the land in the right-of-way, and for injuriously affecting the remainder of the tract; and that such a proceeding was had is not denied.    It is true that the opposing affidavits of the respondent say that the condemnation proceeding did not "include any present damages by reason of any unlawful or tortious acts of the defendant," whatever that may mean.    But we are bound to know as a matter of law, at least, in the absence of some clear showing to the contrary, that the court in the second case must have considered the taking as having occurred when the entry was made, and the damages as having accrued then, so that the verdict would include interest from that time.    This paid for the land at the time of the actual appropriation before any act of interference or spoliation was committed, with all the trees and fences, and the right to destroy them and dig up the soil, as the building of the road required.    Having paid for the right to do these things, to be required to pay again for having done them, is to have to pay twice for the same thing, an injustice which a court ought not to permit on so technical a ground.    The proper proceeding in such cases, viz., where there is a question between the parties as to whether the right-of-way has not been granted or the trespass waived, was followed in *Biles v. Tacoma, etc., R. R. Co., ante,* p. 509, where, in an action of ejectment against the railroad company, the court found for the plaintiff and assessed his

damages, and then stayed proceedings for a time sufficient to enable condemnation proceedings to be taken and concluded.   In this case the judgment ought to be reversed, and the cause dismissed upon payment of the costs in the superior court; and that not having been the disposition of the matter, I dissent.

HOYT, J., concurs.