[No. 333.   Decided April 7, 1892.]

THOMAS JOHNSON, *Appellant*, v. H. P. GREGORY & Co.
(a corporation), *Respondents.*

PROCESS—FALSE RETURN—REMEDY AFTER SALE ON EXECUTION.

Where judgment has been obtained, and sale under execution
had, against a defendant by default upon the false return of the
sheriff that the defendant has been served with summons, the return
of the officer may be assailed in a proceding to set aside the judg-
ment and sale without forcing defendant to proceed directly against
the officer for damages.

*Appeal from Superior Court, King County.*

The facts are stated in the opinion.

*White & Munday,* for appellants.
*John Arthur,* and *J. W. Spriggs,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On the 10th day of June, 1890, respond-
ents brought an action against appellant in the superior
court of King county, for the sum of $1,196.75, alleged to
be due on an unbalanced account, together with interest at
the rate of ten per cent per annum from May 17, 1890.
Summons was issued and in due time returned and filed in
the office of the clerk of the court, having endorsed thereon
the return of the sheriff to the effect that said summons
had been personally served on the defendant Thomas John-
son, plaintiff herein; on a day specified. The time for
answering having expired, the default of the defendant
Johnson was ordered entered by the court, and thereupon
judgment was rendered and entered by the court in favor
of H. P. Gregory & Co. against said Thomas Johnson for
$1,211.70, and costs of suit.   Execution was issued on said
judgment and the lots of land described in the complaint

were levied upon thereunder and sold, the plaintiffs in the action becoming the purchasers; and Johnson brings this action asking that said judgment of default, and all subsequent proceedings in the action be declared illegal, and void, and of no effect for the reason that the sheriff's return was false, in that he was never served with summons, and had no notice of the suit whatever, and that he did not know of the judgment, or any proceedings thereunder until after the sale of said land; alleging that he did not owe all of the amount claimed, and that the judgment which plaintiffs H. P. Gregory & Co. would obtain against him in the trial of the cause would be less than the judgment heretofore obtained; and claiming a right to select and claim the lands sold as a homestead under the exemption laws of this state.     To this complaint the respondents interposed a demurrer that it did not state facts sufficient to constitute a cause of action.     Demurrer was sustained and the appellant, relying on his complaint comes to this court.     This case raises squarely the question whether or not in this kind of an action a return of the sheriff can be assailed and judgment and sale set aside, the appellant contending that the jurisdiction of a court of equity to relieve against a judgment pronounced without service of process is well established, and respondents contending that the return of the officer imports absolute verity, and that when it shows a regular and proper service it cannot be traversed or impeached, except in a direct proceeding in which the sheriff is made a party.

Upon this question there is without doubt a very great conflict of authority, the courts of different states having established different rules in conformity with their respective ideas of the best manner of subserving public policy and protecting private rights.     In this opinion we will not essay a review or analysis of the cases reported on this question, all of which that were available we have exam-

ined, and many of which are exceedingly interesting, but will refer to Herman on Estoppel and Res Judicata, pp. 197–8, 539–46, inclusive, where the author stoutly maintains the doctrine that public policy demands the upholding of execution sales, and urges with great cogency that if it were otherwise parties could not be induced to purchase, and that the rule is necessary to secure the rights of parties and give validity and effect to the acts of ministerial officers, and that parties injured by such return can obtain redress only by an action against the officer for false return.    The subject is exhaustively argued by the author and authorities collated, including *Walker v. Robbins*, 14 How. 584, which is one of the main cases relied upon by the author to sustain his contention, although in that case the supreme court of the United States drew a distinction between cases where the plaintiff at law was not in fault and cases where the plaintiff had done something to connect him with or make him responsible for the false return; though it is difficult to see why this fact should be allowed to affect the rights of the defendant to the action, if, as a matter of fact, he had not been served with process, and had no notice of the trial of the cause.    In support of the proposition that the want of service of process may be shown in equity in opposition to the statement on the judgment roll, we cite Freeman on Judgments, § 495, and cases cited; *Taylor v. Lewis*, 19 Am. Dec. 137, note, and note to *Oliver v. Pray*, same volume, 603–612.    These notes by the author contain an exhaustive compilation and review of the authorities, *pro* and *con*, and we are convinced from their examination that the great weight at least of modern authority sustains the view that the return of the officer may be assailed in a direct proceeding to set aside the judgment, in addition to defendant's right to proceed against the officer for damages.    And this view of the law appeals to our judgment as being founded on the better reasoning,    No

doubt hardships will arise under such a construction of the law, and public policy demands that credence should be given to the record; but prudential considerations of public policy must not be carried to the extent of establishing conclusive presumptions which destroy the citizen's constitutional right to his day in court. No greater hardship could certainly be conceived of than to deprive a person of his property without due procees of law, and no principle is more antagonistic to our form of government and system of laws, or to the provisions of our constitution. In this case, if the allegations of the complaint are true, the plaintiff *has* been deprived of his property without due process of law, and it is cold comfort to him to be informed that though he must satisfy a judgment which he never had an opportunity to contest, and that he and his family must be turned out of a home which the law would allow them to retain as a homestead, that he has a remedy against the officer who made the false return.

It was said by the supreme court of Tennessee, in *Ridgeway v. Bank of Tennessee*, 11 Humph. 523, that "The action for false return is an inadequate remedy for such an injury; for it might be that, after a ruinous sacrifice suffered in the payment of a judgment so recovered, and the delay and expense of litigation with the officer who made the false return, he might be unable to make the proper indemnity, or succeed in evading his liability." Of course the presumption is that the return of the officer is correct, and the proof of its falsity should be clear and convincing, but it is going too far to hold that such presumption is absolutely conclusive.

The judgment will be reversed, and the defendant given an opportunity to answer.

STILES and SCOTT, JJ., concur.

HOYT, J., concurs in the result.

ANDERS, C. J., not sitting.