GEORGE FRED WILLIAMS, Exr., *et al.*, *vs.* JOSEPH U. STARK-
WEATHER, Admr.

PROVIDENCE—DECEMBER 5, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Equity Pleading. Laches.*

A demurrer to a bill on the ground of laches will be overruled where it
does not appear from the bill that the respondent has suffered any dis-
advantage from mere delay.

(2) *Equity Pleading. Statute of Limitations.*

Where it appeared from the allegations of a bill that it was brought more
than two years after the appointment of an executor, but it did not ap-
pear that it was brought more than two years after the first publication
of notice of the qualification of the first executor or administrator, a
demurrer on the ground of laches will be overruled; since the special
limitation of Gen. Laws cap. 218, § 9, must be specially pleaded.

(3) *Bill of Review. Limitation as to Filing.* ·

The time for filing a bill of review in equity, by analogy with the time for
filing a petition for a new trial at law, cannot exceed one year from the
entry of the original decree.

*Quære*, whether the one year may not be reduced by Gen. Laws cap. 246,
§ 2, providing that, in all decrees in equity causes, the court entering
the same shall have control over them for six months after the entry,
and may, for cause shown, set aside or make new entry in the same.

BILL OF REVIEW to review and reverse a decree heretofore
entered in a bill brought by the respondent against the com-
plainants. Heard on demurrer, and demurrer sustained.

STINESS, C. J. The complainants bring this bill to review
and reverse a decree entered February 2, 1900, in a bill
brought by this respondent against these complainants,
Equity No. 4794.

This bill was filed August 4, 1902.

(1) The respondent demurs to the bill, first, upon the ground of
laches. The demurrer upon this ground must be overruled,
because it does not appear from the bill that the respondent
has suffered any disadvantage from mere delay. *Chase* v.
*Chase*, 20 R. I. 202.

(2)    While the allegations of the bill show that it was brought more than two years after the appointment of the respondent, it does not show that it was brought more than two years after "the first publication of notice of the qualification of the first executor or administrator." This, being a special limitation, must be specially pleaded.

(3)    The second ground of demurrer is that it does not appear that the complainants, following the analogy of the law, filed their bill of review within one year after the entry of the decree complained of.

As early as *Hodges* v. *New England Co.*, 3 R. I. 9, it was held that the time for filing a petition for rehearing and for leave to file a bill of review in equity was, by analogy, the time for filing a petition for a new trial at law. The same rule was recognized and followed in *Randall* v. *Peckham*, 11 R. I. 600, and *Fitch* v. *Richards*, 18 R. I. 617. In the latter case the court stated that the only means by which the decree could be amended was by a bill of review, "if, indeed, a bill of review, under our practice, can be filed more than a year after the entry of a final decree," referring to the cases cited above. The query was appropriate, since that question was not before the court. Its obvious purpose was to avoid an implication, from the statement that the remedy sought was only cognizable by a bill of review, that such a bill would lie in that case. The query was therefore significant as well as appropriate.

The application of a bar to equity proceedings has been long established, and the reason for it was well stated by Lord Camden in *Smith* v. *Clay*, Ambl. 645, as more fully quoted in a note to *Deloraine* v. *Browne*, 3 Bro. Ch. (Eden) 639, as follows : "As the court has no legislative power it could not properly define the time of bar, by a positive rule. . . . But as often as parliament had limited the time of actions and remedies, to a certain period, in legal proceedings, the court of chancery adopted that rule and applied it to similar cases in equity."

The same rule has been recognized in this country. *Thomas*

v. *Harvie*, 10 Wheat. 146 ; *Boyd* v. *Vanderkemp*, 1 Barb. Ch. (N. Y.) 273 ; *Evans* v. *Bacon*, 99 Mass. 213.

It has been assumed in the previous cases, in this State, that the rule applies as well to bills of review as to petitions for rehearing. We see no reason for treating them differently. The difference between a bill of review and a petition for rehearing is technical rather than substantial. Both seek to set aside and reverse an original and final decree. It is important in equity proceedings, as well as in actions at law, that there should be a time when decrees become fixed and absolutely final. Concurring in the decisions and intimations of this court already referred to, we decide that such time cannot exceed one year from the entry of the original decree. As this suit was not brought until two and a half years after such decree, we are not called upon in this case to decide whether even the time of one year may not be reduced by Gen. Laws cap. 246, § 2, which provides that in all decrees in equity causes, and cases following the course of equity, the court entering the same shall have control over the same for the period of six months after the entry thereof, and may, for cause shown, set aside the same and re-instate the case, or make new entry, or take any other proceedings.

The language is broad enough to cover less than a year ; and as to a petition for divorce, a case "following the course of equity," by statute, it was held in *White* v. *White*, 22 R. I. 602, that, as more than six months were allowed to elapse before the filing of the petition for a new trial and a rehearing, whatever power under said section would have been available to the suit, if invoked within six months after the judgment therein, was not available on the petition.

We may add that the rule herein followed has not deprived the complainant in this case of any substantial right. The objections set out were as fully known to him when the decree was entered as they are now, and he could have presented his petition seasonably as well as to do so after the lapse of so long a time.

It is unnecessary to consider the other grounds of demurrer.

The demurrer to the bill is sustained.

*C. E. Gorman and C. Woodbury Gorman*, for complainants.

*Edward D. Bassett*, for respondent.