[No. 4388. Decided April 11, 1903.]

THE STATE OF WASHINGTON *on the Relation of George G. Quincy, Appellant,* v. U. L. COLLINS, *as Clerk of the Superior Court of Snohomish County, Respondent.*

CLERK'S FEES — COLLECTIBLE ON MOTION TO REVIVE JUDGMENT.

A motion to revive a judgment is in the nature of a new suit, for which the clerk is entitled to charge the fees provided by Laws 1893, p. 421, § 1, for the commencement of actions, even though all fees have been paid in full in the action in which the original judgment was rendered.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge. Affirmed.

*Austin & Bell* and *Million & Houser,* for appellant.

*H. D. Cooley,* for respondent.

PER CURIAM.—This is an appeal from a judgment refusing relator a mandamus to compel the respondent, as clerk of the superior court of Snohomish county, to file a motion to revive a judgment, and issue a citation on said motion. Relator ordered a judgment entered in the superior. court of Snohomish county on the 18th day of March, 1897, in an action begun in the year 1896. At the time of rendering said judgment, relator paid the fees

required by law in such cases.  The five years having run, on the 1st day of April, 1902, the relator presented to respondent, as such clerk, his motion to revive and continue the lien of said judgment, with leave to issue execution.  At the time of the presentation of the motion the relator presented to respondent, as such clerk, the form of notice or citation ready for signing, and requested that respondent, as such clerk, file said motion and issue said notice or citation.  This the respondent refused to do unless and until relator should pay him as fee therefor $1.  The relator refused to pay the fee demanded, and brought this action to compel the respondent to file said motion and issue said notice without the payment of said fee.  The writ was denied by the lower court, and the case is brought here on appeal.

Section 1, Laws 1893, p. 421, provides a list of fees to be charged by the clerk of the superior court.  But it is contended by the appellant that no fee is provided in this act in actions for reviving judgments, because it is provided in § 2 of said act that the fees prescribed in that section shall be in full for all services performed by the clerk of the superior court in the progress of civil actions and proceedings, other than in probate cases, from the beginning thereof down to and including the entry, collection, and satisfaction of final judgment therein, and including all proceedings in open court, and all entries, filings, and recording therein, except for the recording and transcribing for which special fees are prescribed in these sections.  As a matter of first impression, we conclude that this provision was intended to apply only to services rendered by the clerk during the life of the judgment, and to the ordinary processes of collection and satisfaction, and not to another action for the reviving of the

judgment. But in addition to this, the status of an expired judgment was defined by this court in *Brier v. Traders' National Bank,* 24 Wash. 695 (64 Pac. 831), where it was held that the lien of the judgment expires at the end of five years from the rendering thereof, and it was said that "the proceedings to revive a judgment are analogous to complaint, answer, and reply in an ordinary action at law. The same formalities that are necessary for bringing the suit prevail. It is in all respects as much a new suit as if it was a common-law action on the judgment." No error was committed by the court in refusing the writ.

It is suggested by respondent that the clerk was entitled to demand a fee of $4, instead of $1, for the services required. But that is a question which is not presented by the appeal.

The judgment is affirmed.