[No. 5194.   Decided April 10, 1905.]

CITY OF BALLARD, *Respondent*, v. A. M. ROSS *et al.*, *Appellants.*[1]

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 23, 1903, upon findings in favor of the plaintiff, decreeing the foreclosure of a street assessment lien. Reversed.

*H. E. Peck*, for appellants.

*John W. Whitham*, for respondent.

PER CURIAM.—For the reasons stated in *Ballard v. Ross* (No. 5193) *ante* p. 209, 80 Pac. 439 (just decided), the judgment in this case is reversed, with directions to overrule the demurrer to the answer and to proceed with the trial in accordance with the views therein expressed.

---

[No. 5251.   Decided April 17, 1905.]

W. A. BAILEY, *Appellant*, v. THOS. HOOD *et al*, *Respondents.*[2]

Appeal from an order of the superior court for King county, Bell, J., entered March 16, 1904, vacating a judgment on motion, on the ground that it was void on its face.   Affirmed.

*Byers & Byers*, for appellant.

*P. P. Carroll* and *John E. Carroll*, for respondents.

PER CURIAM.—The original action was to foreclose tax liens. This appeal is from an order vacating the judgment in the original action.   Service of summons was had by publication, which directed the defendants to appear within sixty days after the date of the first publication, to wit, within sixty days after the 15th day of September, 1900; the date of the last publication was October 27, 1900.   Judgment of default was entered November 15, 1900.   There were in all nineteen days between the date of the last publication and the day of judgment.   This case falls squarely within the rule announced by this court in *Woodham v. Anderson*, 32 Wash. 500, 73 Pac. 536.   There is no question as to laches, for it is a direct attack on a void judgment.

The judgment of the lower court is affirmed.

[1]Reported in 80 Pac. 440.

[2]Reported in 80 Pac. 559.