[No. 6549.   Decided April 6, 1907.]

SARA K. WATERMAN, *Appellant*, v. A. W. BASH, *Respondent.*[1]

JUDGMENT—REVIVAL—COLLATERAL ATTACK. In a proceeding to revive a judgment, the jurisdiction of the court may be attacked by answer and the same is a direct attack on the judgment.

SAME—PROCESS—SUBSTITUTED SERVICE—EVIDENCE OF DOMICILE—SUFFICIENCY. In an attack upon a judgment in an action commenced by service of process at defendant's usual place of abode, as stated in the affidavit of service, the evidence is sufficient to show want of jurisdiction from the fact that defendant was a nonresident of the state at the time of service, where it appears that he had not lived there more than a few days each year for four years, during which time he was engaged in business in China or New York, where he lived, neither he nor his wife were living in the state at the time of the service, and the house was occupied by a daughter, to whom it belonged, and a third person to whom copy of process was delivered.

JUDGMENT — REVIVAL — APPEARANCE OF DEFENDANT — PROCESS — WAIVER. The appearance of a defendant to contest the revival of a judgment, void for want of service of process, does not waive service of process in the original action; and he cannot be required to answer the complaint upon entry of a decree setting aside the judgment.

Appeal from a judgment of the superior court for Island county, Hatch, J., entered August 9, 1906, upon findings in favor of the defendant, after a trial on the merits before the

[1]Reported in 89 Pac. 556.

court without a jury, dismissing proceedings to revive a judgment. Affirmed.

*Harold Preston* and *W. V. Tanner*, for appellant. The recital of service where there is nothing in the record to contradict it is conclusive upon that question when the judgment is attacked collaterally. *Noerdlinger v. Huff*, 31 Wash. 360, 72 Pac. 73; *Peyton v. Peyton*, 28 Wash. 278, 68 Pac. 757; *Kizer v. Caufield*, 17 Wash. 417, 49 Pac. 1064; *Rogers v. Miller*, 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20. An answer in a proceeding to revive a judgment is a collateral attack on the judgment. 17 Am. & Eng. Ency. Law (2d ed.), 848; *King v. Davis*, 137 Fed. 198; *Selders v. Boyle*, 5 Kan. App. 451, 49 Pac. 320; *Foster v. Crawford*, 80 Fed. 991; *Godfrey v. White*, 32 Ind. App. 265, 69 N. E. 688; *Vredenburgh v. Snyder*, 6 Iowa 39; *Terry v. Sharon*, 131 U. S. 40, 9 Sup. Ct. 705, 33 L. Ed. 94; *Id.* 36 Fed. 337; *Cochrane v. Parker*, 12 Colo. App. 169, 54 Pac. 1027. The recitals in the return of service were *prima facie* evidence of the defendant's domicile. *Northwestern etc. Bank v. Ridpath*, 29 Wash. 687, 70 Pac. 139. The defendant was served at his domicile or usual place of abode. *Love v. Cherry*, 24 Iowa 204; *Wood v. Roeder*, 45 Neb. 311, 63 N. W. 853; *Lee v. Macfee*, 45 Minn. 33, 47 N. W. 309; *McFadden v. Garrett*, 49 La. Ann. 1319, 22 South. 358; *Du Val. v. Johnson*, 39 Ark. 182; *Brigham v. Connecticut Mut. Life Ins. Co.*, 74 Minn. 33, 76 N. W. 952. The appearance was general and conferred jurisdiction for subsequent proceedings. *Bain v. Thoms*, 44 Wash. 382, 87 Pac. 504; *French v. Ajax Oil etc. Co.*, 44 Wash. 305, 87 Pac. 359; *Bennett v. Supreme Tent of the Knights of Maccabees*, 40 Wash. 431, 82 Pac. 744; *Teater v. King*, 35 Wash. 138, 76 Pac. 688; *Woodham v. Anderson*, 32 Wash. 500, 73 Pac. 536; *Meyer Brothers v. Whitehead*, 62 Miss. 387; *Kelly v. Harrison*, 69 Miss. 856, 12 South. 261.

*A. W. Buddress*, for respondent.

MOUNT, J.—This action was brought by motion in the court below, to revive a judgment in favor of appellant against the respondent. The motion alleged, in substance, that, on May 7, 1900, Sara K. Waterman obtained a judgment against the respondent, A. W. Bash, for the sum of $22,685.30 and costs, in the superior court of Island county, in this state; that said judgment was obtained upon a summons duly and regularly served upon the defendant; that no part of said judgment has been paid, and that the same was not appealed from, vacated, or set aside, but is in full force and effect, and that there is due thereon the sum of $29,-774.60, together with costs. The respondent appeared to this motion and filed an answer, alleging among other things, that when the original action was begun and judgment taken therein, he was a nonresident of the state and absent therefrom; that no service of summons or complaint was ever made upon him, and that the only service made or attempted to be made was shown by the record therein, as follows:

"Affidavit of Service. State of Washington, County of King, ss.

"R. J. Atwell, being first duly sworn upon his oath, deposes and says, that at all the times hereinafter mentioned and referred to he has been, and now is, a citizen of the United States, over the age of twenty-one years, and not a party to the within entitled action, and competent to be a witness upon the trial of the same; that he received the annexed summons on the 19th day of January, 1900, and on the 20th day of January, 1900, in the county of King, state of Washington, he duly and regularly served said summons upon within named defendant, A. W. Bash, by then and there delivering to and leaving with Miss E. S. Matthews, at said defendant's residence and usual place of abode, she being a person over the age of twenty-one years and of suitable age and discretion then resident therein, a true and correct copy of said summons, together with a true and correct copy of the complaint in the within entitled action. R. J. Atwell."

that the defendant never in any manner appeared in said action, and judgment was taken by default; that the court

acquired no jurisdiction of the person of the defendant, and that the judgment was therefore null and void. The reply of the plaintiff denied the allegations of nonresidence and want of jurisdiction. The case was tried solely upon the issue as to the residence and place of abode of the defendant. The trial court made the following findings thereon:

"That continuously between the 1st day of July, 1895, and the 28th day of February, 1906, the defendant Albert W. Bash, was out of, absent from, and a nonresident of, the state of Washington, and that defendant Albert W. Bash was out of, absent from, and a nonresident of, the state of Washington, both at the time of the filing of said complaint in said action and court and at the time of the purported service of the summons and complaint upon him, on the 20th day of January, 1900; and that the said purported service of the summons and complaint in said cause on the defendant, Albert W. Bash, on said 20th day of January, 1900, was made by said R. J. Atwell, by delivering to and leaving a copy of said summons and complaint with said Miss E. S. Matthews, at her residence and usual place of abode in said county of King, state of Washington, but not at the residence nor usual place of abode of the defendant, Albert W. Bash, as stated in an affidavit of service; and that the defendant, Albert W. Bash, had no residence nor usual place of abode in the said county of King, on the said 20th day of January, 1900, nor at the time of the purported service of the said summons and complaint on him in said cause, and that no summons nor complaint was ever served on the defendant, Albert W. Bash, in said action."

Upon the entry of the findings, the appellant moved for a judgment against the defendant for $18,500, or, in the event of a denial of the motion, that defendant be required to answer the complaint in the original action within a time to be fixed by the court. The court denied both requests, and entered a judgment dismissing the proceedings to revive the judgment, and also vacating and annulling the original judgment. Plaintiff appeals, and contends, (1) that want of service cannot be shown upon collateral attack, except where such want of service appears upon the face of the record;

(2) that the answer of the defendant is a collateral attack upon the judgment sought to be revived; (3) that the evidence is insufficient to overcome the recitals of the return of service; and (4) that, in any event, the court should have required defendant to answer the original complaint.

The first two points made by the appellant may be considered together. It may be conceded for the purposes of this case that, as a general rule, want of service cannot be shown upon collateral attack, except where it appears upon the face of the record. Still this court has repeatedly held that, in a proceeding to revive a judgment, the jurisdiction of the court to render the judgment may be attacked by the answer, and that such answer is a direct attack upon the judgment and not a collateral attack. *Johnson v. Gregory & Co.*, 4 Wash. 109, 29 Pac. 831, 31 Am. St. 907; *Mitchell, Lewis & Staver Co. v. O'Neil*, 16 Wash. 108, 47 Pac. 235; *Krutz v. Isaacs*, 25 Wash. 566, 66 Pac. 141; *Northwestern etc. Bank v. Ridpath*, 29 Wash. 687, 70 Pac. 139.

In *Johnson v. Gregory & Co.*, supra, at page 111, this court said:

"In support of the proposition that the want of service of process may be shown in equity in opposition to the statement on the judgment roll, we cite Freeman on Judgments, § 495, and cases cited; 19 Amer. Dec. 437, note, and note to *Oliver v. Pray*, same volume, 603-612. These notes by the author contain an exhaustive compilation and review of the authorities, *pro* and *con*, and we are convinced from their examination that the great weight at least of modern authority sustains the view that the return of the officer may be assailed in a direct proceeding to set aside the judgment, in addition to defendant's right to proceed against the officer for damages. And this view of the law appeals to our judgment as being founded on the better reasoning."

In *Northwestern etc. Bank v. Ridpath*, supra, at page 696, we said:

"A cross-complaint is in the nature of an original action. *Powell v. Nolan*, 27 Wash. 318, 67 Pac. 712. When the de--

fendant files a cross-complaint, and seeks affirmative relief, he becomes the plaintiff, and the plaintiff in the original action becomes defendant in the cross-complaint. Pomeroy, Remedies & Remedial Rights, § 808. Under the authority of *Christofferson v. Pfennig*, 16 Wash. 491, 48 Pac. 264, and *Krutz v. Isaacs*, 25 Wash. 566, 66 Pac. 141, we think the cross-complaint is a direct attack upon the judgment."

See, also, *State ex rel. Quincy v. Collins*, 31 Wash. 564, 72 Pac. 98.

The appellant next contends that the evidence is insufficient to overcome the recitals in the return of service. The particular recital referred to is that service was made at "defendant's residence and usual place of abode." There is no dispute in the evidence upon this point. The summons was left at a house in Columbia City, in King county, on January 20, 1900. The house was then in charge of Miss Matthews, who, with Mr. Bash's seventeen-year-old daughter, was living there. All the furniture, with the exception of a few chairs and a table, was owned by Miss Matthews. The house at that time belonged to Mr. Bash's daughter, who had purchased it with her own funds. Mr. Bash testified that he had been an actual resident of New York city since 1895. Both Mr. and Mrs. Bash testified that, from January, 1896, until December, 1897, Mr. Bash was in China on business. In September, 1897, Mrs. Bash rented the house while her husband was in China. On the 16th day of December, 1897, Mr. Bash returned from China and stopped with his family at this house until the 25th day of December, when he went on to New York where he was engaged in business. In April of 1898 he returned to his family in this state, upon telegraphic request, on account of the sickness of a child. He remained here about ten days, and again returned to New York, where he remained until the 10th day of September, 1898, when he again returned to his family in this state, and thereafter, on October 8, 1898, with his family, again sailed for China. They remained until October 23, 1899, when they again returned to this state and occupied the house until

the 21st day of November, 1899, when the family again left the state, Mr. Bash going to New York and Mrs. Bash with her youngest daughter to Ohio, the oldest daughter and Miss Matthews remaining in the house and living there. In February of 1900, Mrs. Bash joined her husband in New York, and they remained there until the fall of 1900, when they rented a house in Port Townsend, Washington. We think these *facts show conclusively that, in January, 1900, when the* summons was left with Miss Matthews, the house where she lived was not the house of defendant's usual abode, because neither he nor his wife was living there at that time. Mr. Bash had lived there only a few days in each year for more than four years. The statute evidently means that summons shall be left at the house where the defendant lives and which he habitually occupies at the time the service is made. *Earle v. McVeigh*, 91 U. S. 503, 23 L. Ed. 398.

We do not think the court erred in refusing to require the defendant to appear or answer the original complaint. This was an independent action or proceeding, and the defendant's appearance herein was not a waiver of service in the original action. Defendant has a right to be brought into court in the regular way, and to stand upon such right.

We find no error in the record, and the judgment is therefore affirmed.

HADLEY, C. J., ROOT, FULLERTON, CROW, and DUNBAR, JJ., concur.