[No. 26996. *En Banc.* October 3, 1938.]

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, *Respondent*, v. EDWARD L. GOOLEY *et al., Appellants,* JACOB SCHMAUDER *et al., Respondents.*[1]

[1]Reported in 83 P. (2d) 221.

*Ott & Cross,* for appellants.

*L. H. Brown* and *Pettijohn & McCallum,* for respondents.

BEALS, J.—During the year 1922, Edward and Pauline Gooley executed a note to Farm Mortgage Security Company, for the sum of twenty thousand dollars, secured by a mortgage on their farm in Lincoln county. The note and mortgage were thereafter assigned to the plaintiff in this action, John Hancock Mutual Life Insurance Company. The note fell due November 1, 1927, and August 22, 1927, payment thereof was extended to November 1, 1932.

August 5, 1922, Mr. and Mrs. Gooley executed an agreement, by the terms of which Mr. Gooley should become the owner of the land, in case of the death of his wife.

Mr. and Mrs. Gooley, from about 1901, maintained their home upon the land which they mortgaged, and during the month of May, 1931, Mrs. Gooley, who had for several years been ill, was taken to a hospital in Spokane, where she remained until the following November, when she and Mr. Gooley rented a small apartment in the St. Helens apartment house, in Spokane, where they decided to remain so that Mrs. Gooley could receive necessary medical aid. February 11, 1932, they moved to the Englehorn hotel, where they occupied a single light housekeeping room. March 25th following, Mrs. Gooley was again taken to the hospital, where she remained until May 15th, when she, with her husband, returned to their Lincoln county farm. December 16, 1932, after a short stay at Hillyard, near Spokane, Mrs. Gooley again became an inmate of the hospital, where she remained until her death, December 27th following.

February 8, 1932, the interest upon the note and mortgage above referred to being several months past due, the plaintiff herein instituted an action upon its promissory note, asking also the foreclosure of its mortgage. Mr. and Mrs. Gooley were named as defendants in the action, together with their sons, Clarence A. and Edward L., and several other persons. An affidavit of service of summons was filed in the action, the affiant stating that, on the 18th day of February, 1932, he served the summons and complaint in the action upon Edward Gooley and Pauline E. Gooley, his wife,

" . . . by then and there delivering to and leaving with Mrs. August Gooley, a true copy of said summons and of the complaint herein, at the Englehorn hotel . . . , they each being absent therefrom, and the said Mrs. August Gooley being a person of suitable age and discretion then resident therein."

March 12, 1932, an order of default against all of the defendants in the foreclosure action was entered, the order, in so far as Edward and Pauline Gooley were concerned, being based upon the return of service above referred to.

The affidavit of service was defective on its face; first, because it failed to state that the Englehorn hotel was the house of usual abode of Mr. and Mrs. Gooley, and second, because it failed to state that a copy of the summons and complaint had been left with Mrs. August Gooley for defendant Edward Gooley, and a copy for defendant Pauline Gooley.

A decree of foreclosure was signed on the same day the default was entered, and the land ordered sold. The sale was held, and no redemption having been made, a sheriff's deed was issued April 19, 1933, conveying the land to the plaintiff in the action, the sheriff's deed being regularly filed for record in the office of the county auditor.

July 19, 1933, the plaintiff in the foreclosure suit caused to be filed in the action an amended affidavit of service, sworn to by the individual who had made the purported service upon Mr. and Mrs. Gooley, in which affidavit it was stated that two copies of the summons and complaint had been left with Mrs. August Gooley, one copy for Edward Gooley and the other copy for Pauline Gooley. The amended return also stated that the Englehorn hotel was then the house of usual abode of Mr. and Mrs. Gooley. The amended return was filed *ex parte,* without notice to anyone.

November 12, 1936, plaintiff in the action filed a petition, praying for the entry of an order directing and authorizing the amendment of the original affidavit of service, and ratifying and approving the filing of the amended affidavit above referred to. On the

same day, an order was entered declaring the original affidavit of service amended.

It appears that September 30, 1936, the plaintiff entered into a contract with Jacob and Marguerite Schmauder, whereby the plaintiff agreed to sell to the Schmauders the farm which had been conveyed to the plaintiff by the sheriff's deed. By a paragraph of this contract, the purchasers agreed to make any objection which they might have to the vendor's title, within sixty days from the date of the contract, and that, upon objection being made, the vendor should have a reasonable time to make its title to the land good. The purchaser's counsel objected to the title, questioning the validity of the service of the summons in the action upon Edward and Pauline Gooley, whereupon the plaintiff herein (also the plaintiff in the foreclosure action) instituted this action for the purpose of quieting its title as against Edward Gooley and the heirs of Pauline Gooley, then deceased.

Edward Gooley filed his answer to the complaint, denying the material allegations therein contained, and by way of a cross-complaint, attacked the decree in the foreclosure action, upon the ground that that decree had been entered without obtaining jurisdiction over the persons of Edward and Pauline Gooley, alleging that no service of process in that action had ever been made upon them. The cross-defendants named were the plaintiff, Mr. and Mrs. Schmauder, and other persons, with whom we are not now concerned.

In his cross-complaint, Mr. Gooley alleged that he and his late wife had never had a house of usual abode in the city of Spokane, either at the Englehorn hotel or elsewhere; that while they were living in Spokane, at no time had anyone resided with them; and that no service of process had ever been made on either

Mr. or Mrs. Gooley. Mr. Gooley also alleged that he was ready and willing to pay the amount of the mortgage which had been foreclosed, together with interest; and that the plaintiff herein had been in possession of the farm ever since 1932, and should be required to account for the rents, issues, and profits thereof. Mr. Gooley also asked that the decree in the foreclosure case be declared void; that title to the farm be quieted in him, subject to the mortgage; and that an accounting be ordered.

The plaintiff and Mr. and Mrs. Schmauder denied the allegations of the cross-complaint, and pleaded, by way of an affirmative defense thereto, that Edward and Pauline Gooley had offered to deed the premises to the plaintiff; that they had actual notice of the foreclosure proceedings and had voluntarily delivered up possession of the land to the plaintiff, as purchaser at the sheriff's sale; that the land had been sold to Jacob Schmauder, who had been let into possession thereof, and had planted a large number of acres to crop and had made valuable repairs on the premises. It was also pleaded that Mr. Gooley had been guilty of laches.

To this affirmative defense, Mr. Gooley replied, and the action was tried to the court, sitting without a jury, with the result that a decree was entered quieting the plaintiff's title as against Mr. Gooley, with costs. Mr. Gooley moved for a new trial, and his motion was denied, whereupon he appealed from the decree. Mr. Gooley died subsequent to the taking of the appeal, and his executors and his heirs at law have been substituted, by order of this court, as parties appellant herein.

Appellants contend that the decree was not justified by the evidence, and is against the law, and that the

superior court erred in denying appellant's motion for a new trial.

Questions presented on this appeal may be rather generally stated as follows: (1) Was there a valid service of process upon Mr. and Mrs. Gooley? (2) If it be held that the service of process was irregular, is the default decree based thereon void or voidable merely? (3) Does the record herein disclose a direct or a collateral attack upon the judgment in the foreclosure action, and upon the record, in connection with appellant's attack upon the judgment, is the presentation of a meritorious defense to the foreclosure action necessary? (4) As a part of the attack upon the judgment, was the tender of the amount due on the mortgage debt required?

The applicable portion of Rem. Rev. Stat., § 226 [P. C. § 8438], referring to the service of a summons, reads as follows:

"The summons shall be served by delivering a copy thereof as follows: . . .

"12. In all other cases, to the defendant personally, or by leaving a copy of the summons at the house of his usual abode with some person of suitable age and discretion then resident therein. . . ."

The original affidavit of service was clearly defective. It was, however, proper to permit the filing of an amended return of service, as the actual facts control; and if jurisdiction was actually acquired over the persons of the defendants, that fact should govern. *Powell v. Nolan*, 27 Wash. 318, 67 Pac. 712, 68 Pac. 389. It is the fact of service which confers jurisdiction, and not the return, and the latter may be amended to speak the truth. *Kahn v. Mercantile Town Mut. Ins. Co.*, 228 Mo. 585, 128 S. W. 995, 137 Am. St. 665; *Sawdey v. Pagosa Lumber Co.*, 78 Colo. 185, 240 Pac. 334.

■ Upon the record, it becomes necessary to discuss the question whether or not the same discloses a direct attack on the judgment by appellant, or a collateral attack merely. Edward Gooley attacked the judgment by way of a cross-complaint in an action by respondent to quiet its title under the sheriff's deed which it procured in the foreclosure action.

In the early case of *Northwestern etc. Bank v. Ridpath,* 29 Wash. 687, 70 Pac. 139, it was held that a cross-complaint seeking affirmative relief is in the nature of an original action, and that an attack on a judgment made by way of a cross-complaint is a direct and not a collateral attack.

In the case of *Hanna v. Allen,* 153 Wash. 485, 279 Pac. 1098, we said:

"It is true it is settled in this state that a judgment may be directly attacked in subsequent proceedings based upon a judgment, such as a possessory action, or one to quiet title to real estate, by answer or cross-complaint alleging the lack of jurisdictional facts in the former case to support a valid judgment and *praying the annulment of the former judgment.*"

Respondent argues that, because Mr. Gooley, in his cross-complaint, stated that he was ready and willing to pay the mortgage indebtedness, and asked that his title be quieted and that the plaintiff be required to account for the rentals from the property, it should be held that the cross-complaint constituted merely a collateral attack upon the decree of foreclosure, citing the case of *Rowe v. Silbaugh,* 96 Wash. 138, 164 Pac. 923. In the case cited, which was brought in Pacific county, this court described the action as one

" . . . to quiet title to certain lands in Pacific county, by vacating and setting aside a judgment of the superior court of King county and cancelling a sheriff's deed made pursuant thereto."

We held that the action was primarily one to quiet

title, the relief by way of vacation of the judgment rendered by the superior court of King county being merely incidental. As it appeared from the record that the judgment of the King county court was fair and valid on its face, and that its invalidity could be exposed only by evidence *de hors* the record, the judgment was not "absolutely void, but is subject only to be avoided in an appropriate action for that purpose." On this phase of the case, the court said:

"Inasmuch as the judgment was not void and, therefore, not open to collateral attack—and an action to quiet title must be treated as such an attack—the amended complaint fails to state a cause of action. If, on the other hand, the action is to be treated as one in equity to vacate a judgment on the ground of fraud, the superior court of Pacific county was without jurisdiction to entertain it."

A judgment of dismissal upon sustaining a demurrer to the complaint was affirmed, but it was held that, under the decisions of this court, the plaintiff in the action had a clear right to institute, in the superior court for King county, an equitable action to set aside the judgment upon the ground of fraud, the opinion expressly providing that

"The judgment will be affirmed, but without prejudice to the right of the plaintiff to institute an action in the superior court of King county to vacate and set aside the judgment and deed upon the ground of fraud discovered more than one year after the rendition of the judgment and within three years after its discovery."

In his cross-complaint, Mr. Gooley alleged, *inter alia,* his ownership of the property in question, subject to the mortgage owned by respondent, the institution of the foreclosure action by respondent, the fact that none of the defendants appeared in that action, and that an order of default against the defendants was

entered therein. He alleged the invalidity of the order of default, for the reason that no process had been served upon himself or upon Pauline Gooley, his late wife. He then alleged the entry of the decree in the foreclosure action, the sale of the property pursuant thereto, and the issuance of the sheriff's deed. He pleaded the invalidity of the title conveyed by the sheriff's deed, because the court, in the foreclosure action, had obtained no jurisdiction over himself and his late wife, and further alleged that both the original return of service of process and the amended return were false and untrue, in that the house of his usual abode and that of his wife was located in Lincoln county, upon the premises covered by the mortgage, and that he and his wife were merely temporarily sojourning in Spokane while Mrs. Gooley was receiving medical attention. The cross-complaint contains direct and specific allegations that the decree of foreclosure is void, as entered without obtaining jurisdiction over either himself or Mrs. Gooley. He pleaded that he stands ready and willing to pay the amount due upon the mortgage, with interest, and prayed that respondent, having been in possession of the premises covered by the mortgage since 1932, should be required to account for the rental value of the property, which should be applied in reduction of the mortgage indebtedness; and, in addition to praying that the decree be canceled and held for naught, asked that his title to the mortgaged property be quieted. *Noble v. Aune,* 50 Wash. 73, 96 Pac. 688.

Clearly, the primary and basic relief sought in the cross-complaint is the vacation of the decree of foreclosure. The prayer for an accounting and for the quieting of Mr. Gooley's title constitutes merely incidental relief. In the case of *Rowe v. Silbaugh, supra,* the judgment under which the land in Pacific county

was sold was entered by the superior court for King county. The plaintiff having elected to sue in Pacific county to quiet her title, it was properly held that such an action constituted a collateral attack upon the King county judgment, as a direct attack upon that judgment by way of an action in equity could be instituted only in King county. The King county judgment, being fair on its face, was not subject to collateral attack, and the action which Rowe brought in Pacific county necessarily failed.

Respondent also relies upon the case of *Kalb v. German Savings & Loan Society,* 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757. In this action, a minor, through his guardian, sought a decree declaring that he owned an undivided interest in certain real estate. By a decree in an action brought some years previously by defendant's predecessor in interest, to quiet title against the minor, the title to the land had been quieted against him. Apparently the minor in the case above cited, in his complaint, simply alleged that he was a tenant in common with the defendant of the real estate, and asked that his title be determined by the decree to be rendered. The plaintiff, in his complaint, did not attack the prior decree quieting title against him, and this court observed that the action was not one to set aside the decree in the prior suit, but that plaintiff simply sought a decree establishing his interest in the property. By its answer, the defendant pleaded the decree in the prior action, and plaintiff, by his reply, set out the facts which he contended rendered that decree invalid. This court held that, under all the circumstances disclosed by the record, it should be held that the action was a collateral attack upon the decree, quieting title against the minor.

In the case at bar, appellant, in his answer and

cross-complaint, his first pleading containing allegations of fact, launches a direct attack against the decree entered in the foreclosure action, upon which respondent's title is based. This constituted a direct attack upon the decree.

While a return of service of process stands as *prima facie* correct, it is subject to attack, and may be discredited by competent evidence. In the early case of *Johnson v. Gregory & Co.*, 4 Wash. 109, 29 Pac. 831, 31 Am. St. 907, this court said:

"In support of the proposition that the want of service of process may be shown in equity in opposition to the statement on the judgment roll, we cite Freeman on Judgments, § 495, and cases cited; 19 Amer. Dec. 437, note, and note to *Oliver v. Pray,* same volume, 603-612. These notes by the author contain an exhaustive compilation and review of the authorities, *pro* and *con,* and we are convinced from their examination that the great weight at least of modern authority sustains the view that the return of the officer may be assailed in a direct proceeding to set aside the judgment, in addition to defendant's right to proceed against the officer for damages. And this view of the law appeals to our judgment as being founded on the better reasoning."

The later cases of *Northwestern etc. Bank v. Ridpath, supra,* and *Waterman v. Bash,* 46 Wash. 212, 89 Pac. 556, are to the same effect.

In the case at bar, the trial court was evidently of the opinion that the record showed that no lawful service of process in the foreclosure action was, in fact, made upon Edward and Pauline Gooley, the court deciding the case against Mr. Gooley upon other grounds. The original return of service, together with the amended return, show *prima facie* a proper service, but upon the facts we are convinced that it must be held that no lawful service was actually made. It appears that copies of the summons and complaint

in the action were left with Mr. and Mrs. Gooley's daughter-in-law, the wife of their son, Alphonse Gooley, while Mr. and Mrs. Gooley were occupying a room at the Englehorn hotel, in Spokane. It appears beyond question that Mrs. Alphonse Gooley was not at that time, or any time, living at the Englehorn hotel. Her home was elsewhere, and she simply visited her parents-in-law, helping Mrs. Gooley, who was ill, in keeping the room tidy. Mrs. Alphonse Gooley was, then, not within the statutory provision, as a person resident in the house of the usual abode of her parents-in-law (even though the latter were living at the hotel), and service upon her was not good as substituted service upon Edward and Pauline Gooley.

We think that it also clearly appears that the room in the Englehorn hotel was not the house of usual abode of Mr. and Mrs. Gooley. Their home was on their farm, in Lincoln county. They were merely sojourning in Spokane, so that Mrs. Gooley could receive necessary medical treatment. The case of *Wilbert v. Day*, 83 Wash. 390, 145 Pac. 446, is very much in point on this phase of the case, and the opinion of this court in the case of *Northwestern etc. Bank v. Ridpath, supra,* indicates that one making a trip to South America for his health did not change his place of residence, and that substituted service upon him at the house of his usual abode in this state was valid. Mr. and Mrs. Gooley did not have two houses of their usual abode, and from the facts disclosed by the record, we are convinced that at all times their Lincoln county ranch was their home.

We shall now consider the effect of the decree entered in the foreclosure action, in view of the invalid service of process in that suit. In 1 Freeman on Judgments (5th ed.), 444, § 226, is found the following:

"Aside from these cases in which the purported judgment is in reality no judgment, and considering those cases in which there has been an attempt at judicial action by a competent court, a judgment is not regarded as void unless there was a total lack of jurisdiction to render it. There are in general three jurisdictional elements in every valid judgment, namely, jurisdiction of the subject matter, jurisdiction of the person, and the power or authority to render the particular judgment. For the absence of any one of these elements, when properly apparent, the judgment may be vacated at any time, whether before or after the term or the time limited by statute for motions on statutory grounds, either on motion or of its own volition without suggestion."

And p. 447, § 228:

"In most of the states, a judgment will be set aside, though procured according to the ordinary forms of practice, upon showing a want of jurisdiction over the person of the judgment debtor. . . But while it is universally conceded that a judgment void for want of jurisdiction over the person of the defendant may be vacated on motion, irrespective of the lapse of time, there is some divergence of opinion as to what judgments are void for this reason, and as to whether a motion to vacate a judgment is a direct attack upon it so as to warrant the reception of evidence not found in the record, and perhaps inconsistent with that which is to be found there. . . When a motion to vacate a judgment, on the ground that defendant had never been served with process, is made, it is doubtless incumbent on the moving party to clearly prove his case, especially where the judgment recites due service of process; but to hold that he must establish it by the record is to deny him relief in all cases in which relief is necessary; for if a judgment record proclaims its own invalidity, it must be denied effect everywhere, and it is of little or no consequence whether it is formally set aside or not."

In the case of *Sturgiss v. Dart,* 23 Wash. 244, 62 Pac. 858, an attack upon a default judgment, based upon an alleged invalid service, this court said:

"But the statute has no reference to the vacation of a judgment entered upon an attempted service of summons void on its face, or, what is the same thing, to a judgment entered without the service of summons at all. Such a judgment is in legal effect no judgment. No rights are acquired or divested by it. It can neither bind nor bar anyone. And a court of general jurisdiction can, by virtue of its inherent powers and without the aid of statutes, clear its records of such a judgment, no matter in what form or in what manner the application to it to do so is made."

The case was cited in the later case of *Bauer v. Widholm,* 49 Wash. 310, 95 Pac. 277, in which we said:

"The complaint alleged that no service whatever had been made other than the one above mentioned, and that allegation was admitted by the demurrer. The foreclosure judgment was therefore entered without jurisdiction and, being void, was subject to the attack made upon it in this action. *Sturgiss v. Dart,* 23 Wash. 244, 62 Pac. 858."

In the case of *Lushington v. Seattle Auto & Driving Club,* 60 Wash. 546, 111 Pac. 785, the court, referring to an invalid service of process, used the following language:

"In such cases the law requires no showing other than that defendant was, in fact, not served with the process of the court. The right to vacate such judgments does not arise out of, nor does the procedure to secure the right depend upon, the statute. Rem. & Bal. Code, title 3, ch. 17. It is inherent in the court itself. It is no more nor less than the power possessed by every court to clear its records of judgments void for lack of jurisdiction."

In the case of *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158, appears the following:

"This court is also committed to the doctrine that, in *proceedings under the statute* by petition or motion to set aside a judgment obtained without jurisdiction, i. e., without legal service of process, the lack of such

service may be shown by evidence *de hors* the judgment roll, and in such a case no other showing is required; that, this being shown, the judgment is void and the court has the inherent power to clear its record of the void judgment, and that no affidavit or showing of merits in such a case is necessary."

In the case of *Boston National Bank v. Hammond,* 21 Wash. 158, 57 Pac. 365, it appeared that a petition was filed November 3, 1897, asking for the vacation of an order entered July 12, 1894. The superior court vacated the order, and on appeal it was contended that the petition had not been filed within the time prescribed by law. This court held that the trial court had erred in setting aside the order, stating, however, in the course of the opinion:

"But the respondent insists that its right to petition was not barred by the statute, for the alleged reason that the order complained of was null and void for want of jurisdiction in the superior court to make it. If the premises of the learned counsel for the respondent are true, their conclusion is undoubtedly correct, for, as a general rule, a judgment which is absolutely void may be attacked at any time."

In the case of *Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446, this court said:

"It is universally conceded that a judgment void for want of jurisdiction over the person of the defendant may be vacated on motion, irrespective of the lapse of time. 1 Freeman, Judgments, § 98, and cases cited. The mere service on one spouse does not give the court jurisdiction over the community. *Powell v. Nolan, supra* [27 Wash. 318, 67 Pac. 712]. The contention of the appellants, that want of jurisdiction must appear from an inspection of the record, and cannot be brought to the attention of the court *dehors* the record, is not sustained by the authorities, and we see no good reasons for so holding, because the motion to set aside a judgment is a direct attack upon the judgment. . . We think, in the absence of any

statute, the court has a right to set aside a void judgment. This power is inherent in the court."

In the same case, this court referred to 1 Freeman, Judgments, § 116, the quotation made including the following:

"If a judgment is void, it must be from one or more of the following causes: (1) Want of jurisdiction over the subject-matter; (2) Want of jurisdiction over the parties to the action, or some of them; or (3) Want of power to grant the relief contained in the judgment. In pronouncing judgments of the first and second classes, the court acts *without* jurisdiction, while in those of the third class it acts in excess of jurisdiction. If the want of jurisdiction over either the subject-matter or the person appears by the record, or *by any other admissible* evidence, there is no doubt that the judgment is void."

*In re Laack's Estate,* 188 Wash. 462, 62 P. (2d) 1087, this court said:

"The order appointing appellant as administratrix d. b. n. c. t. a. was improvidently entered. A court of general jurisdiction can by virtue of its inherent powers, and without the aid of statutes, clear its records of such a judgment, no matter in what form the application so to do is made."

The opinion in the case of *Ballard Sav. & Loan Ass'n v. Linden,* 188 Wash. 490, 62 P. (2d) 1364, contains statements to the same effect.

Respondent, in its answer to the cross-complaint, pleaded laches, but in view of the decisions of this court in *Bailey v. Hood,* 38 Wash. 700, 80 Pac. 559, and *Lushington v. Seattle Auto & Driving Club, supra,* the record contains nothing which supports such a plea.

Appellant contends that, as the amended affidavit of service was not filed until after the decree in the foreclosure suit was entered, the defect in the original

affidavit of service could not be so cured. For the purposes of this opinion, we assume, without deciding, that the decree in the foreclosure suit, as it must be considered in this action, is supported by the amended affidavit of service.

Respondent earnestly contends that it was incumbent upon Mr. Gooley to show a meritorious defense to the foreclosure action, in connection with his attack upon the decree therein rendered. In our opinion, a direct attack upon a judgment, upon the ground that the same is void for want of jurisdiction over the person against whom the judgment was rendered, may be sustained without allegation or proof of a meritorious defense, whether the judgment attacked be one at law or in equity. As the invalidity of a judgment entered without jurisdiction over the person against whom the judgment is rendered may be shown by evidence *de hors* the record, and as the fact that a judgment entered without obtaining such jurisdiction is void may be shown by such evidence, and relief obtained in proper cases, when the facts established by the proof show that the judgment is void, no occasion exists for alleging or proving the existence of a meritorious defense. As we said in the case of *Lushington v. Seattle Auto & Driving Club, supra:*

"It is only in such proceedings as are brought under the statute that an affidavit of merits, or, if the proceeding be by petition, that a showing of merits is required. But where a judgment is attacked for want of jurisdiction in the principal case, a showing to that effect is sufficient."

The cases of *Sturgiss v. Dart, Dane v. Daniel, Chehalis Coal Co. v. Laisure, Ballard Sav. & Loan Ass'n v. Linden,* above cited; *Bennett v. Supreme Tent of the Knights of the Maccabees,* 40 Wash. 431, 82 Pac. 744, 2 L. R. A. (N. S.) 389; and *Sakai v. Keeley,* 66

Wash. 172, 119 Pac. 190, contain language to the same effect.

In the case of *Hole v. Page,* 20 Wash. 208, 54 Pac. 1123, this court reversed an order of the superior court refusing to set aside a judgment of default, holding that the defendant was entitled to have a judgment, rendered by default upon a proper service of summons, set aside as prematurely entered, without any showing that a meritorious defense to the action existed. The trial court had obtained jurisdiction over the person of the defendant by service of summons, and as noted by this court in the case of *Chehalis Coal Co. v. Laisure, supra,* referring to the *Hole* case,

"That decision would be sound enough in its reasoning had its premises been sound. The premises, however, were faulty in that it seems to have been assumed that the judgment, because prematurely entered, was absolutely void, whereas, the court having acquired jurisdiction by service of summons, the premature default rendered the judgment voidable merely, not void. That case has been cited by this court as authority in cases of judgments void for want of any service, but has not been followed in any case where the judgment involved was merely voidable. We think the rule there announced should be limited to cases involving void judgments, as distinguished from those voidable merely from whatever cause."

The rule that a meritorious defense must be pleaded does not apply to a direct attack upon a judgment alleged to be void as rendered without obtaining jurisdiction over the person of the defendant, whether the invalidity of the judgment appear upon its face or must be shown by evidence *de hors* the record.

On this phase of the case, respondent cites many authorities, both texts and decided cases. In many cases in which a judgment, voidable for some irregularity, has been attacked, it has been properly held

that a showing of merits is necessary before the judgment will be set aside. This rule is well established, and has been repeatedly followed by this court. The doctrine that a judgment, void on its face, may be attacked without any showing of merits is equally well established. Difficulties have arisen in cases in which the judgment, while regular on its face, is in fact void for want of jurisdiction, as based upon an untrue statement in an affidavit of nonresidence of the defendant, or that the address of the defendant was unknown, or a false return of service of summons. The distinction has also been drawn between cases at law and those of equitable cognizance.

It is difficult to understand why a different rule should apply in a case in which a true return of service of a summons is filed, which shows a defective service, and a case in which a false return is filed, showing a service complying with the statutory requirements. In each case, any judgment based upon such service is in fact rendered without jurisdiction. True, one judgment is void on the face of the record, while the facts showing the invalidity of the other judgment must be shown by evidence *de hors* the record, but in law both judgments are void, and it is difficult to understand why the filing of a false affidavit or return should render a judgment based thereon immune to attack without a showing of merits, while no such showing is required in the other case.

In 34 C. J. 329, the matter of the necessity for a showing of merits in order to obtain an order opening or vacating a judgment irregularly entered is discussed, and the reason for the rule clearly stated. On p. 333, appears the following:

"Exceptions to the rule have been recognized in the following classes of cases, in which the party is entitled to have the judgment against him vacated with-

out any showing of merits, namely: Where the judgment attacked is void for want of jurisdiction . . ."

Generally speaking, the authorities cited by respondent support the doctrine that a judgment will not be vacated for some irregularity, save upon a showing of merits. With this rule we are in accord.

Respondent's main reliance is upon the case of *Brandt v. Little,* 47 Wash. 194, 91 Pac. 765, 14 L. R. A. (N. S.) 213, which was an action in equity to vacate a judgment, upon the ground that in the original action no process was served upon the plaintiff in the case cited, who was one of the defendants in the original suit. A demurrer was sustained to the complaint attacking the judgment in the prior cause, upon the ground that the complaint contained no allegation to the effect that any defense upon the merits to the original cause of action existed. On appeal from the judgment dismissing the action, this court affirmed the judgment of the trial court, stating the general rule to be that,

"In cases where an independent action is brought in equity to set aside the judgment complained of—especially where the defect of jurisdiction does not appear upon the face of the record—it is necessary to make a showing that the party has, or at the time of the entering of the judgment complained of did have, a good and sufficient defense, in whole or in part, to the action, and that a different result would or should have been obtained had the complainant had an opportunity to defend in said action."

It was held that the rule was applicable to the case then before the court.

The *Brandt* case was considered by this court in the case of *Lushington v. Seattle Auto & Driving Club, supra.* It was there distinguished, this court saying:

"It is true that the *Brandt* case contains some expressions which might give color to appellant's con-

tention, but when we remember that that was an equity case, and that the rule for vacating or modifying judgments in equity still prevails, although possibly without reason under our present forms of practice, and that the original distinctions affecting procedure in vacating judgments at law and in equity have been preserved, it will be understood that that case cannot be held to be controlling in this one."

The opinion of this court in the case of *Chehalis Coal Co. v. Laisure, supra,* is of interest in connection with the question now under discussion. Laisure sued the Chehalis Coal Company for damages resulting from personal injuries. The summons served upon the defendant was defective, because unsigned, but the defendant appeared in the action and submitted itself to the jurisdiction of the court. The appearance of the defendant by counsel not having been called to the attention of substituted attorneys for the plaintiff, an order of default was entered against the defendant, and judgment by default rendered in Laisure's favor. Sometime thereafter, Chehalis Coal Company instituted another action by way of a proceeding in equity (the one determined by this court in the case cited), for the purpose of setting aside the judgment entered in the original suit. The trial court set aside the judgment, and the defendant Laisure appealed. The judgment in the first action was not void for want of jurisdiction, but at most was voidable for irregularity. In the second action, the court neither found nor adjudged that the plaintiff in that action had a valid defense to the original action. As stated by this court, the real question on the appeal was: "Will equity relieve against a judgment rendered in an action at law without an adjudication that there is a defense on the merits?" It must be remembered, first, that the trial court in the first proceeding had obtained jurisdiction over the defendant, and that the first action

was one at law. This court, speaking through Judge Ellis, at the outset of its discussion of the law applicable, said:

"This court has held that a suit in equity to set aside a judgment is a direct, not a collateral attack, and in such a case it may be shown by evidence *de hors* the judgment roll that the judgment was void for want of service of process. *Johnson v. Gregory,* 4 Wash. 109, 29 Pac. 831, 31 Am. St. 907. The same principle is declared in at least two other decisions of this court where it is held that a cross-complaint seeking affirmative relief against a judgment is a direct, not a collateral attack, on the judgment, and that in such a case evidence *aliunde* the judgment roll is admissible to show the judgment void for lack of valid service. *Waterman v. Bash,* 46 Wash. 212, 89 Pac. 556; *Northwestern & Pacific Hypotheek Bank v. Ridpath,* 29 Wash. 687, 70 Pac. 139. . . .

"But the statutory proceeding to vacate a judgment is but a statutory substitute for the bill in equity for the same purpose. *Denny-Renton Clay & Coal Co. v. Sartori,* 87 Wash. 545, 151 Pac. 1088; *Williams v. Stackweather,* 24 R. I. 512, 53 Atl. 870. Since both are direct attacks, and since the lack of jurisdiction by valid service may be shown in both cases by evidence *aliunde* the judgment roll, and since one is but a statutory substitute for the other, it would seem to follow as of course that the inherent power of the court to clear its records of a void judgment in a suit in equity brought for the purpose should be no more circumscribed than in a proceeding under the statute for the same purpose. In neither case should this inherent power be held to be dependent upon an affidavit or showing of merits. Such a showing is logically no more necessary in the one case than in the other. It is the *fact* of lack of service and the *fact* that the judgment is void, not merely irregular or voidable, which invokes this inherent power of the court in any case.

"It would seem, therefore, that the decision in the case of *Brandt v. Little, supra,* relied upon by appellant, though probably in harmony with the preponderance of authority in other jurisdictions, is, as in-

timated in *Lushington v. Seattle Auto & Driving Club, supra,* out of logical harmony with our own decisions. Certainly if, as held in *Johnson v. Gregory, Waterman v. Bash,* and *Northwestern & Pacific Hypotheek Bank v. Ridpath, supra,* the lack of jurisdiction because of lack of service may be shown by evidence outside of the judgment roll in a suit in equity, there is no good reason why the inherent power of the court to vacate the void judgment without a further showing of merits should depend on whether the fact of lack of jurisdiction appears on the face of the record or not. The judgment is simply void, and when that fact is shown it is no less void in one case than in the other."

This court reversed the judgment appealed from and remanded the cause, with directions to the trial court to take such competent proof as might be offered in support of matters of defense set forth in the complaint, and determine whether or not the coal company had substantial evidence to sustain the matters alleged in defense to the original action. If that question should be determined in the affirmative, the judgment in the original action should be vacated; if not, it should stand.

We think that the logic of the situation demonstrates that the better rule is as stated by Judge Ellis, and that the case of *Brandt v. Little, supra,* is out of "logical harmony" with other of our decisions. We hold that, in a direct attack upon a judgment as void for want of jurisdiction, whether the proceeding be one at law or in equity, no showing of merits is necessary.

Respondent contends that the doctrine of estoppel should operate against appellants, but we find no reason for applying that doctrine in the case at bar.

It is also argued that Mr. Gooley was under the obligation to make a formal tender of the amount of money which he admitted was due on the note owned by respondent. Mr. Gooley, in his cross-complaint,

alleged that he stood ready and willing to pay the amount of the mortgage in full, with interest at five and one-half per cent per annum. Such an allegation, under the circumstances of the case, was sufficient. Mr. Gooley's cross-complaint was equitable in its nature, and if any relief should be accorded to him, he would be required in his turn to do equity. As stated in an annotation in 12 A. L. R. 938,

"Generally, there is no fixed rule in equity which requires a tender to be kept good in the sense in which that phrase is used at law. The necessity of doing so depends upon the equities of the case; and ordinarily the money tendered need not be paid into court upon the filing of the bill, but an averment of a readiness and willingness to bring the money into court, and pay the same on the order of the court, is sufficient."

This doctrine finds support in the opinion of this court in the case of *Murray v. O'Brien,* 56 Wash. 361, 105 Pac. 840, 28 L. R. A. (N. S.) 998.

Mr. Gooley had the right to attack the decree of foreclosure as he did in this case. The decree appealed from is reversed, with instructions to the trial court to proceed in accordance with the views herein expressed.

STEINERT, C. J., MAIN, MILLARD, BLAKE, GERAGHTY, ROBINSON, and SIMPSON, JJ., concur.

HOLCOMB, J., dissents.