[No. 2267.   Decided December 8, 1896.]

MITCHELL, LEWIS & STAVER COMPANY, *Appellant*, v. ROBERT O'NEIL *et ux.*, *Respondents*.

SALE BY MORTGAGEE OF MORTGAGED CHATTELS — DEFICIENCY — SHERIFF'S RETURN — SUFFICIENCY — CONCLUSIVENESS OF.

Where a mortgagee of chattels takes possession of the property and sells same without foreclosing the mortgage, he is not entitled to recover for a deficiency.

A sheriff's return of service upon a defendant of notice of the sale of mortgaged chattels is insufficient, when it recites service as made upon the defendant by leaving a copy with the father of said defendant "at his usual place of residence," there being no recital that the defendant could not be found nor that the attempted service upon the father was made at the dwelling house of the defendant.

The statements in a sheriff's return reciting facts not within his personal and official knowledge, but which are gathered by him from information received, are not conclusive, but are subject to contradiction.

Appeal from Superior Court, Whatcom County.— Hon. JOHN R. WINN, Judge.    Affirmed.

*Shank & Smith*, for appellant.

*H. A. Fairchild*, and *S. M. Bruce*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—The defendants purchased a threshing machine of the plaintiff, giving their notes for the purchase price, with a chattel mortgage upon the property purchased, and also a real estate mortgage upon certain land to secure the payment of the notes. This action was brought to foreclose the real estate mortgage.   Judgment was rendered for the defendants and the plaintiff has appealed.

The main attack is directed upon the findings of fact made by the trial court, and while some of them

may be open to criticism, it yet seems to us that the
judgment of the court was right.    One of the conten-
tions between the parties was that the property pur-
chased was not as warranted by the plaintiff.    But
plaintiff contends that the defendants had not com-
plied with the terms of the warranty as to the giving
of notice of defects, etc.    It was further contended by
the defendants, that the defect was a hidden one, and
that notice of it was given as soon as it was discovered;
but that, in any event, upon the giving of such notice
the plaintiff came and took the property.    The con-
tention upon the part of the plaintiff was, as against
this, that it took the property under proceedings to
foreclose the chattel mortgage.

It appears that a notice to foreclose the mortgage
out of court, under the provisions of §§ 1650 to 1655,
Gen. Stat. (Vol. 1 of the Code), was drawn and signed
by the attorneys for the plaintiff and sent to the
sheriff of Whatcom county; that the sheriff took pos-
session of the property and sold it after posting
notices, etc.    But the defendants contended that there
was no foreclosure of the mortgage, in consequence of
the failure of the sheriff to serve upon them the
notice prescribed.    The return of the sheriff is as fol-
lows:

"State of Washington, } ss.
    County of Whatcom.   }

   "I hereby certify that I received the annexed 'No-
tice of Sheriff's Sale' on the 16th day of June, A. D.
1895, and thereafter on the 17th day of June, A. D.
1895, I served one of the said copies upon Robert
O'Neil, by delivering to and leaving with ———
O'Neil, father of said Robert O'Neil, at his usual place
of residence, in the County of Whatcom, State of
Washington.    And on said 17th day of June, I posted
three of said 'Notices' in public places in said county,

and on the 28th day of June, A. D. 1895, I sold the machinery described in said notice, at public auction, to Mitchell-Lewis & Staver Co., who was the highest bidder therefor.

"Dated this 11th day of November, A. D. 1895.

"J. J. BELL,

"Sheriff of Whatcom County,

"State of Washington."

The court allowed the defendants to prove that they were residents of and lived in Whatcom county during the times in question, and that no notice of foreclosure was served upon them, and that the defendant Robert O'Neil's father, upon whom the substituted service is claimed to have been made, resided at a different place in said county. The plaintiff contends that this proof was inadmissible on the ground that the sheriff's return could not be contradicted. If the return was to be construed to show a service upon the father of Robert O'Neil, at Robert O'Neil's usual place of residence, we think that last statement could be contradicted, and that it is not within the rule contended for by the plaintiff. But the return in this case is utterly insufficient to show any authority or right to make the substituted service upon the father of Robert O'Neil. There is no statement therein that the defendants could not be found; nor does it appear that the attempted service upon the father was made at the dwelling house of the defendants.

In consequence of a failure to serve the notice, there was no foreclosure of the mortgage under the statute, and it must be held that the sheriff took possession of the property merely as the agent of the plaintiff, and, by selling the property without foreclosing the mortgage, the plaintiff was not entitled to recover for a deficiency. Jones, Chattel Mortgages, (4th ed.), § 711.

The court found that there was no foreclosure of the mortgage, and this finding must be sustained, and and that of itself warranted the judgment entered.

Affirmed.

ANDERS, DUNBAR and GORDON, JJ., concur.