[No. 12081. Department Two. January 8, 1915.]

C. D. WILBERT, *Respondent*, v. P. A. DAY *et al.*, *Appellants*.[1]

PROCESS—RETURN—CONCLUSIVENESS—SUBSTITUTED SERVICE — CONTRADICTION—SUFFICIENCY. Since a sheriff's return of process may be rebutted as to facts not within his special knowledge, his return of a substituted service, under Rem. & Bal. Code, § 226, to the effect that he served the defendant by leaving a copy with his wife at the house of "the usual abode" of the defendant at S. in this state, is overcome, and the service should be quashed, where it appears by the uncontradicted affidavit of the defendant that he was an elector of Idaho residing at H. in said state and had no residence or usual abode in this state, and that his wife when served was in temporary lodgings at S. where she had gone temporarily for medical treatment.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 10, 1914, by default, after denying a motion to quash a service of summons. Reversed.

*John H. Pelletier*, for appellants.

*Scott & Campbell*, for respondent.

¹Reported in 145 Pac. 446.

MOUNT, J.—The only question upon this appeal is the sufficiency of the service of the summons upon the defendant, L. F. Connolly, to give the court jurisdiction of the person of the defendant. The service was made by the sheriff of Spokane county where the action was pending. Omitting the formal parts of the sheriff's return, it is as follows:

"I served the within summons and complaint upon the within named defendant, L. F. Connolly in the county of Spokane, State of Washington, on the 6th day of December, 1913, by then and there delivering to, and leaving with Mrs. L. F. Connolly, at the dwelling house, and the house of the usual abode of said defendant L. F. Connolly, for said defendant a true copy of said summons and complaint in said action.

"The said Mrs. L. F. Connolly being then and there a person of suitable age and discretion, and resident therein, and a member of the family of said defendant, to wit, the wife of said defendant, I, after due diligence and inquiry, being unable to find the defendant in said county."

After this service was made, the defendant appeared specially and moved to quash the service. At that time, he filed an affidavit stating, in substance, that, for several years last past, he has been and still is a resident of Harrison, Kootenai county, Idaho, and is an elector in said state only, and has his usual place of abode therein; that he has no residence or usual place of abode in the state of Washington; that his wife was temporarily in Spokane for the purpose of procuring medical and surgical treatment for a minor son; that the purported service of the summons was made by leaving with his wife a copy of the summons in Spokane, Washington, at the temporary lodgings of his wife; that these temporary lodgings were not the usual place of abode of the defendant. This affidavit was not denied. The motion to quash the service was denied, and thereafter a judgment by default was entered against the defendant. This appeal followed.

The statute provides at Rem. & Bal. Code, § 226 (P. C. 81 § 143-5), that the summons shall be served by delivering a copy thereof "to the defendant personally, or by leaving a copy of the summons at the house of his usual abode with some person of suitable age and discretion then resident therein. Service made in the modes provided in this section shall be taken and held to be personal service." The sheriff's return upon a summons, in so far as it states facts not within the special knowledge of the officer, is *prima facie* only, and may be rebutted. In the case of *Mitchell, Lewis & Staver Co. v. O'Neil*, 16 Wash. 108, 47 Pac. 235, which was a case similar to this one upon this point, where service was had upon the father of the defendant, and where the court allowed the defendants to prove that they were residents of and lived within the county at the time of the service, but resided in a different place in the county from where the father of the defendant resided, and had no notice of the proceedings, we said:

"The plaintiff contends that this proof was inadmissible on the ground that the sheriff's return could not be contradicted. If the return was to be construed to show a service upon the father of Robert O'Neil, at Robert O'Neil's usual place of residence, we think that last statement could be contradicted, and that it is not within the rule contended for by the plaintiff."

And in the case of *Krutz v. Isaacs*, 25 Wash. 566, 66 Pac. 141, where the respondent contended that the officer's return must be taken as conclusive, and that it could not be attacked, we held otherwise. We there quoted from a Kansas case (*Bond v. Wilson*, 8 Kan. 228, 12 Am. Rep. 466), saying:

"We find upon examination that the courts have generally held the sheriff's return on *mesne* and *final* process conclusive between the parties and privies, though this is by no means a rule of universal application; but that in cases of *original process* there has been a general disposition to let in the truth . . . we know of no statute that makes a sheriff a final and exclusive judge of where a man's residence

is, or what is the age of a minor, or who are the officers of a corporation, or where their place of business is; and when the statute made it the duty of the sheriff to ascertain these facts it did not make his return of such facts *conclusive*. Of his own acts his knowledge ought to be absolute, and himself officially responsible. Of such facts as are not in his special knowledge he must act from information, which will often come from interested parties, and his return thereof ought not to be held conclusive."

Several authorities are there cited to that effect. So it is clear, therefore, in this case, that the sheriff's return upon the question of the residence and usual place of abode of the defendant was merely *prima facie*, and subject to be refuted by the truth.

The affidavit in this case is clear to the effect that, at the time the service was made upon the defendant's wife, she was not at her residence or usual place of abode. The usual place of abode of the defendant Connolly was in the state of Idaho. His wife was temporarily in Spokane. These facts are not in dispute. They are practically conceded upon the record. It seems plain, therefore, that no valid service was made upon the defendant, and the court should have quashed the service.

The judgment entered by default against the defendant Connolly is therefore reversed.

CROW, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.