[No. 27896.   Department One.   July 23, 1940.]

EMMET CAREY, *Respondent*, v. INTERSTATE BOND AND MORTGAGE COMPANY, *Appellant.*[1]

[1]Reported in 104 P. (2d) 579.

*Wellman A. Clark,* for appellant.

*G. E. Lovell,* for respondent.

MILLARD, J.—On August 28, 1937, Emmet Carey executed a mortgage on his household furniture to secure payment to Interstate Bond and Mortgage Company of a loan of one hundred dollars, payable in twelve monthly installments, commencing September 28, 1937. The installment due September 28, 1937, was not paid. The mortgagee's representative learned when he called October 21, 1937, at the home of mortgagor Carey, that, on that date, Carey's landlord, who did not know where Carey was, had evicted Carey for nonpayment of rent and placed his household goods on the porch and front lawn of the premises. The mortgagee removed the household goods to a warehouse the same day. That evening, Carey was informed, when he called at the office of the mortgagee, that the mortgagee had possession of the furniture, and that Carey would be granted two weeks in which to pay the loan of one hundred dollars. Carey did not pay or tender any part of the amount due.

Approximately fifteen months later, Carey instituted this action against the mortgagee to recover for conversion of his household goods. Trial of the cause to a jury resulted in a verdict in favor of the plaintiff in the amount of one hundred and seventy-five dollars. Judgment was entered accordingly. Defendant appealed.

The assignment that the court erred in sustaining the objection of respondent to the introduction in evidence of the sheriff's bill of sale showing property was sold at public auction November 24, 1937, and also

erred in sustaining the objection to the subsequent offer of proof of the chattel mortgage foreclosure proceeding, is not argued; hence, may not be considered.

■ Other assignments of error present the question whether a mortgagee of personal property may, in the absence of consent by the owner of the mortgaged property, take possession of the property without foreclosure of the mortgage.

The chattel mortgage contains a provision to the effect that the mortgagee may take summary possession of the property if default be made in the payment of the amounts due, or if the mortgagor fails or neglects to take proper care of any of the mortgaged property.

The statute provides for summary foreclosure of a chattel mortgage by notice and sale or foreclosure by action in the superior court. Rem. Rev. Stat., § 1104 [P. C. § 9751] *et seq.* It is the rule in this state that a chattel mortgage operates merely as security and vests no title in the mortgagee. The clause in the mortgage providing that the mortgagee may take summary possession of the property gives no right to take possession without the consent of the mortgagor and makes a taking in the absence of his consent a conversion of the property.

It is the public policy of this state that a mortgage is only a lien, which the mortgagee may foreclose in the manner provided by law; and that, *in the absence of consent* by the owner of the mortgaged property to the taking of possession of the property by the mortgagee, the latter may obtain possession of the property only pursuant to foreclosure by one of the statutory methods. *McClellan v. Gaston,* 18 Wash. 472, 51 Pac. 1062; *Roche Fruit & Produce Co. v. Vaught,* 143 Wash. 601, 255 Pac. 953; *Parks v. Yakima Valley Production Credit Ass'n,* 194 Wash. 380, 78 P. (2d) 162; *Lemaire v.*

*Yakima Valley Production Credit Ass'n,* 194 Wash. 689, 79 P. (2d) 693.

"There are two basic theories as to the nature and effect of chattel mortgages. Under the old common law theory, a chattel mortgage operates as a sale, vesting title to the mortgaged property in the mortgagee, subject to defeasance by payment by the mortgagor. Under the other theory, a chattel mortgage operates merely as security for a debt, and vests in the mortgagee no title, but only a lien on the mortgaged property.

"This state adopted and has always followed the second or lien theory, and held that, under a mortgage, whether covering real estate or chattels, no title passes, the mortgagee holding only a lien which he may foreclose in the manner provided by law. *Byrd v. Forbes,* 3 Wash. Ter. 318, 13 Pac. 715; *Lahn & Simmons v. Matzen Woolen Mills,* 147 Wash. 560, 266 Pac. 697. The law of this state referring to chattel mortgages confers upon the mortgagee the right to commence foreclosure summarily by notice and sale, or by an action in the superior court. Foreclosure by notice and sale is a summary method, inexpensive and speedy." *Parks v. Yakima Valley Production Credit Ass'n,* 194 Wash. 380, 386, 78 P. (2d) 162.

The contention of appellant that the court should have charged the jury respecting the right of a mortgagee to take possession of the mortgaged property when it is in danger of destruction is without merit for two reasons: (1) there was no evidence of any such danger; and (2) the summary procedure provided by the statute afforded sufficient protection to the mortgagee.

The judgment is affirmed.

MAIN, ROBINSON, SIMPSON, and STEINERT, JJ., concur.