[No. 33009.   Department One.   October 29, 1954.]

VERNE LESSARD *et al., Respondents,* v. W. A. SMITH *et al., Appellants.*[1]

*A. J. Hutton,* for appellants.

*E. A. Niemeier,* for respondents.

OLSON, J.—Can a chattel mortgagee who takes possession of the mortgaged property with the consent of the mortgagor, obtain a deficiency judgment measured by the difference between the amount of the note secured by the mortgage and the proceeds of a private sale of the mortgaged property, where the mortgagor does not know of or consent to that sale?

The trial court answered this question in the affirmative,

[1]Reported in 275 P. (2d) 730.

and entered judgment for the plaintiff mortgagees. Defendant mortgagors have appealed.

The trial court found that defendants gave plaintiffs their promissory note in the sum of sixteen thousand dollars, and a chattel mortgage upon certain fixtures and a stock of merchandise to secure its payment; that defendants "turned back" to plaintiffs the mortgaged property; that this was "peaceful, voluntary and at the request of the defendants, and with the understanding they would be held under the note"; that, after obtaining bids from several sources, plaintiffs sold the mortgaged property at private sale, as provided in the mortgage, for a price which was fair under the circumstances; that, because of the abandonment in practical effect of the chattels by the mortgagors, plaintiffs had a right to feel insecure and were entitled to accelerate payment of the note and to declare the entire sum payable; that the credits due upon the note for payments made by defendants and for the items of property sold total $6,690.77, leaving a balance due on the note of $9,309.23. Judgment was entered for plaintiffs in this amount.

The evidence discloses that plaintiffs sold the goods and fixtures in a store to defendants, in a transaction completed in April, 1952, for twenty thousand dollars. The mortgage was given to secure defendants' monthly payment note for the unpaid balance of the purchase price. In October, 1953, defendants notified plaintiffs of their decision to give up the store, requested them to take possession of it, and stated that they did not care what was done with it. All monthly payments then due on the note were paid.

The parties, working together, took an inventory of the merchandise and equipment in the store. Defendants contend that the value of the inventoried property and fixtures returned to plaintiffs was in excess of fourteen thousand dollars. The merchandise was sold by plaintiffs for $3,-569.86, which plaintiffs state was its net inventory value less fifty per cent. They credited this amount upon the note, together with some small amounts received by them for merchandise and fixtures sold other than at the sale of the

entire store, in computing the deficiency for which they recovered judgment in this action.

The mortgage contained a provision authorizing the mortgagees, in the event of a breach of its terms, to repossess the property without legal proceedings, and "to sell said property at public or private sale and apply the proceeds upon the debt secured hereby." The mortgagors promised "to pay any deficiency remaining after the application of any sale, public or private."

An assignment of error is directed to the finding that the defendants surrendered the property to plaintiffs "with the understanding they would be held under the note." This assignment is well taken. Defendant W. A. Smith testified that, when one of the plaintiffs told him he expected to collect the balance due on the mortgage, he assumed that the property would take care of it. There is no evidence that he agreed that plaintiffs could credit the proceeds of any sale upon the note and recover the unpaid balance.

We are not concerned with the validity of plaintiffs' title to or right to possession of the mortgaged property. Neither is in issue. We are concerned only with plaintiffs' right to a deficiency judgment computed in the manner described. However, in this connection, it must be remembered that, in this jurisdiction, a chattel mortgage operates merely as security and vests no title in the mortgagee. It is only a lien which the mortgagee may foreclose in the manner provided by law. *Carey v. Interstate Bond & Mortgage Co.,* 4 Wn. (2d) 632, 634, 104 P. (2d) 579 (1940), and cases cited.

A provision in the mortgage that the mortgagee may take summary possession of the mortgaged property, gives no right to take possession without the consent of the mortgagor, and, in the absence of such consent, the mortgagee may obtain possession of the property only by foreclosure in one of the statutory methods. *Carey v. Interstate Bond & Mortgage Co., supra,* p. 634, and cases cited. See *Glaspey v. Prelusky,* 36 Wn. (2d) 592, 595, 219 P. (2d) 585 (1950); *Sims v. Hor-*

*ton*, 43 Wn. (2d) 907, 911, 264 P. (2d) 879 (1953). This declared public policy is designed to prevent self-help, and is supported by the fact that, by statute, foreclosure may be by notice and sale. RCW 61.08.010 *et seq.* [*cf.* Rem. Rev. Stat., § 1104 *et seq.*]. This in itself is a summary method, inexpensive and speedy. It affords ample protection to the mortgagee. *Carey v. Interstate Bond & Mortgage Co., supra*, p. 635.

In view of this declared public policy, we conclude that a clause in a mortgage, providing for a private sale, does not confer the right for which plaintiffs contend. It follows that a mortgagee who sells the mortgaged property without the consent of the mortgagor to the specific sale, and does not foreclose his mortgage, forfeits his right to a deficiency judgment on the note which it secures. 2 Jones, Chattel Mortgages and Conditional Sales (Bowers ed.), 473, 547, §§ 711, 774. See *Mitchell, Lewis & Staver Co. v. O'Neil*, 16 Wash. 108, 110, 47 Pac. 235 (1896); Shattuck, Secured Transactions, A Comparison of the Law in Washington and the Uniform Commercial Code, 29 Wash. L. Rev. 1, 272.

Were the rule otherwise, the lien holder who sells the property could bind the debtor to the results of a collusive sale, or to one too speedily made, or to one completed under the shadow of distress. These considerations, reflecting upon the sale, may be the basis for attacks upon its fairness. There may be other circumstances which make the results of a sale, other than one under foreclosure, unfair or uncertain, even though, as here, the price obtained appears to be fair. These objections cannot persist under the rule we have expressed. The possible contention that the disposition of distressed merchandise for cash, required at public sales, sometimes may be difficult and the return smaller than that which could be had by other methods, does not justify a different rule, in the light of our declared public policy.

The judgment is reversed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.