[No. 43723. En Banc. December 24, 1975.]

BORG-WARNER ACCEPTANCE CORPORATION, *Respondent*, v.
WOODROW SCOTT, *Appellant*.

*Jerry T. Dyreson* of *Spokane County Legal Services*, for appellant.

*Robert D. McGoldrick, P.S.*, for respondent.

ROSELLINI, J.—The appellant bought from Lesco Enterprises four items of equipment for his automotive repair shop, paying $135 down on a total purchase price of $735. Lesco assigned the contract and security agreement to the respondent.

Although he was contacted many times and was informed that if he did not catch up on his payments the respondent would repossess the equipment, the appellant made no further payments. In spite of the fact that his contract specifically conferred the right of repossession upon the seller, he informed the respondent that he would

not consent to and would not permit repossession, except through judicial proceedings.

Nine months after the sale, the respondent sent four men in a van to the appellant's place of business during business hours. Two of them talked to the appellant while the others, out of his sight, took possession of two of the items of equipment, a battery charger and a transmission jack, and placed them in the van.

The two men then joined the others, who were talking with the appellant, and attempted to repossess the remaining items. At this time the appellant, realizing their purpose, brought out a shotgun. He informed the men that he would not allow any repossession and demanded that they leave the premises. They left at once, taking the two items of repossessed equipment with them.

The respondent then commenced this action to have the indebtedness declared immediately due and payable (there being an acceleration clause in the contract), alleging that there was an unpaid balance due of $603.57 plus interest and asking for attorney fees as authorized by the contract. The respondent also asked that its security interest in the property sold by Lesco be foreclosed as provided in the Uniform Commercial Code of Washington (RCW 62A.9).

The appellant counterclaimed for damages for conversion and loss of use of the repossessed articles. He alleged that repossession of a part of the equipment was accomplished in a manner inconsistent with RCW 62A.9-503 (the self-help provision of the Uniform Commercial Code) and in violation of the fourteenth amendment to the United States Constitution and article 1, section 3 of the Washington Constitution.

The superior court found that the debt was due and owing, and that the respondent was entitled to possession and disposition of the collateral according to the provisions of the act. It found that the repossession was lawful, that the statute was constitutional, and that the appellant suffered no damage by reason of the repossession of the equipment. An appeal was taken to the Court of Appeals, Divi-

sion Three, which transferred the matter to this court, there being a constitutional question and a question of statutory interpretation involved.

While the appellant makes five assignments of error, only two are argued in the brief. We will consider only these, the others being deemed abandoned.

■ The gist of the first is a challenge to the constitutionality of RCW 62A.9-503. Under this assignment it is argued that the state's interest in saving court time and funds by providing for self-help, shows that the State is an active party in such repossession and makes the act subject to the constitutional requirements of prior notice and hearing. It is argued that the cases of *Sniadach v. Family Fin. Corp.*, 395 U.S. 337, 23 L. Ed. 2d 349, 89 S. Ct. 1820 (1969) and *Fuentes v. Shevin*, 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972), holding garnishment and replevin statutes unconstitutional, dictate this result. The appellant concedes that the United States Supreme Court has not considered the constitutionality of RCW 62A.9-503 of the Uniform Commercial Code; and that the great majority of the courts which have considered it in the light of the above decisions, have found it constitutional and have found in fact that the self-help provision does not involve significant state action.

While this case was pending, we decided *Faircloth v. Old Nat'l Bank*, 86 Wn.2d 1, 541 P.2d 362 (1975). We held that the self-help provision does not involve state action and is not therefore subject to the due process requirements of the state and federal constitutions. The arguments advanced by the appellant here were considered by the court in that action, and we find no reason to depart from our decision.

■ The remaining assignment of error challenges the court's finding that the respondent, in taking possession of two items of equipment without the express consent of the appellant, acted in accordance with the self-help statute, and also challenges its refusal to award damages. The disposition of the damage question is controlled by the fact that the court refused to find that the appellant had suf-

fered any damage as a result of the repossession and no error has been assigned to its ruling in this regard. The appeal is before the court upon an agreed statement of facts, which does not show that the appellant suffered any loss by reason of the repossession. Consequently there is no evidence before the court upon which to review the correctness of the trial court's finding, had error been assigned to it.

Assuming, therefore, that the court erred in finding that the repossession was effected without a breach of the peace, the error was harmless. Furthermore, the appellant submits no authority showing that damages are recoverable where a creditor or seller has, without the consent of the debtor, repossessed items sold under a security agreement giving the right of repossession and has retained the items in his possession pending a judicial determination of his right to foreclose the lien, when the buyer or debtor has suffered no physical injury as a result of the repossession. He also offers no authority to show what the measure of damages would be in such a case.

The appellant cites cases wherein a buyer has recovered damages for personal injury suffered as a result of forceful repossession (*Roberts v. Speck*, 169 Wash. 613, 14 P.2d 33 (1932); *Burgin v. Universal Credit Co.*, 2 Wn.2d 364, 98 P.2d 291 (1940)); cases where a mortgagee in possession has sold the collateral without the consent of the mortgagor and has been required to account for the difference between the market value of the property within a reasonable time after the sale and the amount owed on the debt (*Parks v. Yakima Valley Prod. Credit Ass'n*, 194 Wash. 380, 78 P.2d 162 (1938); *Richter v. Buchanan*, 48 Wash. 32, 92 P. 782 (1907)); a case holding that a mortgagee, having only a security interest and no title to the property, cannot take possession without the consent of the mortgagor, and that if he does so he is liable for conversion. (*Carey v. Interstate Bond & Mortgage Co.*, 4 Wn.2d 632, 104 P.2d 579 (1940)), and a recent Court of Appeals' case, *Stone Mach. Co. v. Kessler*, 1 Wn. App. 750, 463 P.2d 651 (1970), where a

self-help repossession was accomplished with the volunteered assistance of a law officer. In that case the buyer had a large equity in a machine and the repossession was found to be unreasonable. The case was decided under Oregon law, and it was held that the seller was liable for the difference between the market value of the machine and the amount of the debt.

None of the authorities cited by the appellant supports the proposition that a holder of a security interest who resorts to self-help in repossessing the security and then seeks a judicial determination of his right to foreclose, is liable for the loss of use during the pendency of the action. Rather, they show that the repossessor may be liable for conversion, the measure of damage being the value of the debtor's interest in the property. But assuming that where they are proved, damages for loss of use may be recovered (*see Dennis v. Southworth*, 2 Wn. App. 115, 467 P.2d 330 (1970)), the appellant failed to prove that he suffered any such damage, and no error is assigned with respect to this omission.

As far as the record reveals, the appellant did not attempt to show that the equipment had a value in excess of the amount owed, and it is not claimed that the trial court should have made a finding upon the question.

■ RCW 62A.9-507 provides a remedy where the secured party fails to comply with a statutory procedure for repossession and disposition of collateral after default. That section provides that the court may order disposition or restrain disposition on appropriate terms and conditions. It provides that if disposition of the collateral has occurred, the debtor has a right to recover from the secured party any loss caused by a failure to comply with the provisions. There is no provision for damages where the creditor has not disposed of the collateral.

In the case of consumer goods, under RCW 62A.9-505, if the debtor has paid 60 percent of the loan and has not signed, after default, a statement renouncing or modifying his rights under that part of the act, the secured party

must dispose of the collateral, if he has taken possession of it, within a period of 90 days. Otherwise, the debtor may recover in conversion or under RCW 62A.9-507(1). In any other case, the secured party may elect to retain the collateral in satisfaction of the obligation but must give notice that he proposes to do so, and upon the objection of the debtor or other secured party must dispose of the collateral. Under RCW 62A.9-506, the debtor has a right to redeem the collateral, if he does so within the time prescribed by the statute. Under RCW 62A.9-504(2), the secured party must account to the debtor for any surplus after the sale of the collateral.

It will be seen that none of these statutes gives to a person in the position of the appellant a right to damages. He does not contend that the collateral was disposed of contrary to the provisions of the statute. His only loss, if any, must be the difference between the market value of the collateral and the amount of the debt. He does not at this point contend that any such difference exists nor has he asked that the court order the sale of the collateral.

It will be seen that the statute makes no provision for compensation to the debtor for loss of use of the collateral where the creditor repossesses it, pursuant to the terms of the contract. Appellant cites no authority supporting the proposition that he is entitled to such damages. Furthermore, the trial court found that he had suffered no damage in fact as a result of the repossession.

Since we conclude that the trial court was correct in dismissing the action, the appellant having failed to prove that he was damaged in any respect, it becomes unnecessary to consider his contention that the manner in which a part of the equipment was repossessed constituted a breach of the peace and that the repossession was therefore unauthorized under RCW 62A.9-503.

The judgment is affirmed.

FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., and RYAN, J. Pro Tem., concur.