[No. 22826–9–I. Division One. January 16, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. JASON B. MCCULLOUGH, *Appellant.*

*Eric J. Nielsen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ruth E. Reukauf, Deputy,* for respondent.

WINSOR, J.—Jason B. McCullough appeals from an order of disposition for second degree burglary. We affirm.

During the night of February 16–17, 1988, a theft of approximately $250 occurred at Tony Park's pizza parlor. Based on information from his employees, Park concluded that McCullough was the probable burglar.

McCullough, who was then 14 years old, regularly patronized Park's pizza parlor. Two days after the break-in, he came to the premises. Park confronted McCullough and accused him of taking the money. According to Park, McCullough confessed and made other inculpatory statements. Park reported McCullough to the police. McCullough was charged in juvenile court with committing second degree burglary.

Park testified at the fact–finding hearing. He admitted that he became angry during his confrontation with McCullough, and grabbed McCullough by the shirt, swore at him, and hit an object with his fist. Our review of the record indicates that it is at least arguable that this use of force caused McCullough to confess.

After Park's testimony and at the close of the State's case, McCullough moved to have the charge dropped, arguing:

[t]here's been no physical evidence presented at this point. The only evidence that can be argued that goes against Mr. McCullough is this alleged confession that took place under a physically abusive circumstance which Mr. Park fully admits to, making that whole incident highly unreliable . . .. Anything that [may be] said just cannot be considered reliable enough to base a conviction on and to be enough to convict a person beyond a reasonable doubt.

The court denied McCullough's motion. McCullough then testified. He denied committing the burglary and denied confessing to Park.

The trial court treated the case as resting on credibility issues, and entered a finding that McCullough was not credible. The court also found that McCullough confessed to Park, and that he was guilty as charged.

On appeal, McCullough asserts that the trial court committed reversible error by admitting Park's testimony about McCullough's confession. He contends that the confession was involuntary, and that its admission into evidence therefore violated his due process rights. McCullough did not raise this issue at trial.[1]

■ As a general rule, appellate courts will not entertain issues not raised in the trial court. RAP 2.5(a). An exception to this rule is recognized for "manifest error affecting a constitutional right." RAP 2.5(a)(3). The exception applies only to errors that truly are of constitutional magnitude. *State v. Scott*, 110 Wn.2d 682, 688, 757 P.2d 492 (1988). If this requirement is not satisfied, we may refuse review. *Scott*, at 688.

■ Clearly, this case does not involve an error of constitutional magnitude under federal law. In *Colorado v. Connelly*, 479 U.S. 157, 93 L. Ed. 2d 473, 107 S. Ct. 515 (1986), the Court addressed whether a violation of the Fourteenth Amendment occurs when evidence is admitted

---

[1]McCullough did not object to Park's testimony at any time. His only motion is set out in full earlier in this opinion. Contrary to McCullough's assertions on appeal, that motion cannot be construed as one to exclude Park's testimony, or one seeking dismissal on the ground that McCullough's confession was coerced and therefore inadmissible. The motion was nothing more than a challenge to the sufficiency of the State's evidence.

of a confession allegedly made involuntary by defendant's psychosis. The Court held that no violation occurs, and explained:

> Respondent would now have us require sweeping inquiries into the state of mind of a criminal defendant who has confessed, inquiries quite divorced from any coercion brought to bear on the defendant by the State. We think the Constitution rightly leaves this sort of inquiry to be resolved by state laws governing the admission of evidence and erects no standard of its own in this area. A statement rendered by one in the condition of respondent might be proved to be quite unreliable, but this is a matter to be governed by the evidentiary laws of the forum, see, *e.g.,* Fed. Rule Evid. 601, and not by the Due Process Clause of the Fourteenth Amendment. "The aim of the requirement of due process is not to exclude presumptively false evidence, but to prevent fundamental unfairness in the use of evidence, whether true or false." *Lisenba v. California,* 314 U.S. 219, 236 (1941).
>
> We hold that coercive police activity is a necessary predicate to the finding that a confession is not "voluntary" within the meaning of the Due Process Clause of the Fourteenth Amendment.

479 U.S. at 166–67; *accord, Darghty v. State,* 530 So. 2d 27, 31 (Miss. 1988) (confession resulting from coercion by defendant's wife admissible because private citizen's conduct "will not vitiate a confession which might be rendered incompetent and inadmissible if such conduct had been committed by a law enforcement officer").

Nor does this case involve constitutional error arising under our state constitution's due process clause, Const. art. 1, § 3. The state bill of rights was adopted "*to protect individuals against actions of the state.*" *Southcenter Joint Venture v. National Democratic Policy Comm.,* 113 Wn.2d 413, 422–23, 780 P.2d 1282 (1989). Therefore, at least in the civil context, Washington has refused to find a violation of the state due process provision absent state action. *E.g., Borg–Warner Acceptance Corp. v. Scott,* 86 Wn.2d 276, 278, 543 P.2d 638 (1975). Indeed, it has been emphasized that the purpose of the due process clause is to protect individuals from the arbitrary exercise of governmental power. *State v. Carter's Motor Freight Sys., Inc.,* 27 Wn.2d 661, 667, 179 P.2d 496 (1947). We see no reason to

vary from this approach in a criminal setting. *Connelly* is highly persuasive authority for refusing to do so. *State v. Davis,* 38 Wn. App. 600, 604, 686 P.2d 1143 (1984) (although not controlling, federal cases construing the federal due process clause are entitled to great weight in interpreting Const. art. 1, § 3).

McCullough relies upon *State v. Frederick,* 100 Wn.2d 550, 674 P.2d 136 (1983), as authority for finding that a private citizen's acts can impinge upon a defendant's article 1, section 3 due process rights. McCullough construes that case too broadly. *Frederick,* which concerned a guilty plea made involuntary by acts of private citizens, does contain fair trial language. However, that aspect of the opinion focuses primarily on the ultimate effect of an involuntary plea: denying the defendant any trial at all. *Frederick,* 100 Wn.2d at 556–57. This concern is not present here. McCullough had a trial and an opportunity to testify about the circumstances of his alleged confession. In this situation, there was no constitutional error.[2]

The disposition is affirmed.

COLEMAN, C.J., and FORREST, J., concur.

Review denied at 114 Wn.2d 1025 (1990).

---

[2]Even if constitutional error had occurred, we would not likely reach the merits. It is well settled that certain constitutional rights, particularly those relating to exclusion of evidence, can be waived if not asserted at trial. *See generally State v. Trader,* 54 Wn. App. 479, 774 P.2d 522 (challenge to allegedly improper admission of polygraph testimony waived if not asserted at trial), *review denied,* 113 Wn.2d 1027 (1989); *Henriksen v. Lyons,* 33 Wn. App. 123, 128, 652 P.2d 18 (1982) (parties waived right to assert due process violation caused by trial judge's alleged bias by failing to raise issue in trial court), *review denied,* 99 Wn.2d 1001 (1983); *State v. Valladares,* 31 Wn. App. 63, 76, 639 P.2d 813 (1982) (defendant's withdrawal of motion to suppress evidence allegedly illegally seized waived his right to have question reviewed on appeal), *rev'd in part on other grounds,* 99 Wn.2d 663, 664 P.2d 508 (1983).