Arnold R. CLARK, Plaintiff,

v.

ASSOCIATES COMMERCIAL CORP., A Delaware Corporation, Defendant and Third–Party Plaintiff,

v.

Bob HOWARD d/b/a H & J Rec Auto, Inc.; Clark Investigation & Recovery, Inc.; Randall Wayne Lett; and such other unknown third parties as were liable for any occurrence in Knoxville, Tennessee.

Civ. A. No. 92–1325–MLB.

United States District Court, D. Kansas.

April 16, 1993.

W. Thomas Gilman, Martin R. Ufford, Redmond, Redmond & Nazar, Wichita, KS, for plaintiff.

Eric D. Bruce, Bruce & Davis, Wichita, KS, for defendant.

W. Thomas Gilman, Martin R. Ufford, Redmond, Redmond & Nazar, Wichita, KS, for Arnold R. Clark.

Bryce A. Abbott, Wallace, Saunders, Austin, Brown & Enochs, Wichita, KS, for third-party defendants.

### MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the motion of plaintiff (Doc. 101) for a preliminary injunction. The court held a hearing on the matter on April 2, 1993, pursuant to which the court allowed the parties to submit additional briefing on the matter. Having received the evidence and considered the parties' respective positions, the court is now prepared to rule.

Plaintiff brings this diversity action for the alleged wrongful repossession of a tractor-trailer. The complaint alleges that plaintiff purchased the subject tractor-trailer from a truck dealer in Great Bend, Kansas. Pursuant to a financing agreement, plaintiff granted the truck dealer a security interest in the tractor-trailer, which interest was subsequently assigned to defendant Associates Commercial Corp. ("Associates").

Plaintiff alleges that on or about May 14, 1992, at the Petro Truck Stop near Knoxville, Tennessee, agents of Associates forcibly repossessed the tractor-trailer as plaintiff was

asleep in the sleeper compartment of the truck. Plaintiff admits that at the time of the repossession, he was in default on his payments. Plaintiff alleges that one of Associate's agents broke plaintiff's left leg and ankle during the course of the repossession. Plaintiff seeks damages for personal injury and conversion of the tractor-trailer, as well as punitive damages.

Defendant has notified plaintiff that it intends to sell the subject tractor and trailer at public auctions to be held on April 19 and 26, 1993, in Great Bend and Wichita, Kansas, respectively. Plaintiff asks the court to enjoin these sales pursuant to the authority granted by K.S.A. § 84–9–507(1), which provides in pertinent part:

> If it is established that the secured party is not proceeding in accordance with the provisions of this part disposition may be ordered *or restrained* on appropriate terms and conditions.

(emphasis added). The Kansas Comment 1983 to this section makes clear that "[i]f the debtor ... moves quickly enough, disposition can be enjoined." Although the statute is phrased to indicate that the power of injunction only extends to violations that are currently in progress, Professor Clark states that

> there is nothing in Article 9 that would preclude an injunction stopping a foreclosure sale *following an allegedly wrongful repossession;* in such a case, injunctive relief might well be combined with an action for conversion....

Barkley Clark, *The Law of Secured Transactions Under the Uniform Commercial Code* ¶ 4.12[5], at 4–97 (1980).

The specific violation of the Code that renders this a wrongful repossession is defendant's alleged breach of peace, in violation of K.S.A. § 84–9–503. *See Riley State Bank v. Spillman,* 242 Kan. 696, 705, 750 P.2d 1024 (1988). Thus, plaintiff contends that this court has statutory authority to enjoin the sale of collateral that the creditor has wrongfully repossessed by breaching the peace.

 Traditional rules of equity require a showing of irreparable harm before a court may issue an injunction. *See, e.g., Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir.1980); *Amoco Oil Co. v. Rainbow Snow, Inc.,* 809 F.2d 656, 661 (10th Cir.1987). Moreover, injury is generally not irreparable if monetary damages are available. *Tri–State Generation v. Shoshone River Power, Inc.,* 805 F.2d 351, 355 (10th Cir.1986); *City of Chanute v. Williams Natural Gas Co.,* 678 F.Supp. 1517, 1526 (D.Kan.1988).

Plaintiff contends, however, that the collateral now in the hands of defendant is unique in some intangible personal sense to plaintiff, and that this satisfies plaintiff's showing of irreparable harm. Plaintiff argues alternatively that a showing of irreparable harm is not required in this case because injunctions authorized by statute, such as K.S.A. § 84–9–507(1), do not require a showing of irreparable harm.[1] *See Atchison, Topeka & Santa Fe Ry. Co. v. Lennen,* 640 F.2d 255, 259–60 (10th Cir.1981); *Commodity Futures Trading Comm'n v. Clothier,* 788 F.Supp. 490, 492–93 (D.Kan.1992); 42 Am.Jur.2d *Injunctions* § 38 (1969).

 For purposes of this motion, the court assumes that plaintiff need make no showing of irreparable injury before disposition of the tractor and trailer may be enjoined pursuant to K.S.A. § 84–9–507(1). Even assuming this, however, the court is of the opinion that plaintiff must make some showing that he would be entitled to the remedy he seeks—which is replevin—in the event he prevails on his claims. *See Borg–Warner Acceptance Corp. v. Scott,* 86 Wash.2d 276, 543 P.2d 638, 18 UCC Rep. Serv. 827, 830–31 (1975) (debtor who is in default must still produce evidence of a loss resulting from the wrongful repossession of the collateral through a breach of peace).

---

1. If the traditional equitable principles were to apply, it is doubtful that plaintiff could satisfy the additional requirements: that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin,* 619 F.2d at 63. By enjoining the sale, it can be safely assumed that the value of the collateral will only depreciate. Thus, the equities do not strongly favor plaintiff's position.

This conclusion is dictated by the terms of K.S.A. § 84–1–106(1), which provides:

> The remedies provided by this act shall be liberally administered to the end that the aggrieved party may be put in *as good a position as if the other party had fully performed* but neither consequential or special nor penal damages may be had except as specifically provided in this act or by other rule of law.

(emphasis added). Had defendant "fully performed" in accordance with its duties and not breached the peace, plaintiff would not be entitled to possession of the truck. This follows from plaintiff's concession that he was in default on his payments at the time of the repossession, and apparently remains in default to this day. Thus, allowing plaintiff the remedy of replevin would place plaintiff in a *better* position than if defendant had fully performed.

The loss that plaintiff has suffered as a result of defendant's alleged breach of peace is not the loss of possession of his truck and trailer. Rather, a plaintiff's remedy for a breach of the peace during repossession after default is damages. *See Benschoter v. First Nat'l Bank of Lawrence*, 218 Kan. 144, 152, 542 P.2d 1042 (1975) ("If the bank or secured party repossess before default, or breaches the peace during repossession after default, it may be liable for damages."); *Motor Equip. Co. v. McLaughlin*, 156 Kan. 258, 269–71, 133 P.2d 149 (1943) (awarding damages where creditor had breached the peace). It is unnecessary to determine at this time the nature of the damages available to plaintiff. For purposes of this motion, the court decides only that plaintiff would not be entitled to possession of the collateral even if he prevails on his claim that defendant wrongfully repossessed by breaching the peace.

Plaintiff also contends that pursuant to K.S.A. § 84–9–506, he has a right to redeem the collateral at any time before disposition of the collateral. Although this is true, plaintiff has made no averment that defendant has refused to allow plaintiff to redeem by tendering the payments required by that section. Moreover, at oral argument, plaintiff's counsel conceded that his client is in no position to redeem. Plaintiff's right to redeem, without means or intent to do so, before disposition provides no basis for an order enjoining such disposition.

Accordingly, the court denies plaintiff's motion (Doc. 101) for a preliminary injunction.

**IT IS SO ORDERED.**